# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN M. ANDERSON, et al.,

    Plaintiffs,

v.                          Case No. 23-CV-1430

WISCONSIN DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

## ORDER

John M. Anderson and nine other inmates at Waupun Correctional Institution filed this proposed class action complaint against the Wisconsin Department of Corrections, its Secretary, Deputy Secretary, Assistant Deputy Secretary, and the Warden of Waupun Correctional Institution. All defendants are sued in their official capacities.

The action was recently reassigned to this court upon all parties consenting to the full jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). Because the plaintiffs are all incarcerated and seek "redress from a governmental entity or officer or employee of a governmental entity" the court must screen the petition in accordance with 28 U.S.C. § 1915A:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

The plaintiffs allege that they have been denied adequate health, mental health, and dental care in violation of the Eighth Amendment. They further allege that they have been denied adequate physical exercise and nutrition and have suffered "extreme social isolation and environmental deprivation." (ECF No. 1 at 38.) They seek injunctive relief as well as compensatory and punitive damages. (ECF No. 1 at 40-41.)

The plaintiffs' demand for compensatory and punitive damages must be dismissed. Although a request for punitive damages may suggest an intent to sue defendants in their individual capacities, *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001), the plaintiffs are explicit that they are suing the defendants only in their official capacities. (ECF No. 1, ¶¶ 1, 3, 132, 135, 137, 139, 141.) Because the plaintiffs are represented by counsel, their complaint is not given the liberal construction usually afforded pro se pleadings.

A suit against a state official in his or her official capacity is a suit against the state. *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008) (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). The same is true of a suit against an arm of the state, like the Department

of Corrections. *Adell v. Boughton*, No. 19-C-868, 2020 U.S. Dist. LEXIS 79598, at *6 (E.D. Wis. May 6, 2020) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)); *McCalla v. Thompson*, No. 18-CV-1895, 2019 U.S. Dist. LEXIS 122543, at *7 (E.D. Wis. Jan. 8, 2019) (quoting *Kroll v. Bd. of Trustees of Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir.1991)). Under the Eleventh Amendment, the state is immune from suits for damages. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (citing *Green v. Mansour*, 474 U.S. 64, 73 (1985), and *Cory v. White*, 457 U.S. 85, 90-91 (1982)). Accordingly, the plaintiffs' demand for compensatory and punitive damages must be dismissed.

The plaintiffs, however, may pursue injunctive relief with respect to the defendants. *McCalla*, 2019 U.S. Dist. LEXIS 122543, at *8 (citing *Power v. Summers*, 226 F.3d 815, 819 (7th Cir. 2000)).

**IT IS THEREFORE ORDERED** that, pursuant to 28 U.S.C. § 1915A(b), plaintiffs' demands for compensatory and punitive damages are **dismissed**.

**IT IS FURTHER ORDERED** that the defendants shall answer or otherwise respond to the remainder of the complaint within **21 days** of this order.

Dated at Milwaukee, Wisconsin this 20th day of November, 2023.

WILLIAM E. DUFFIN
U.S. Magistrate Judge