IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JOHN M. ANDERSON, et al.,

      Plaintiffs,

      v.                                Case No. 23-CV-1430

WISCONSIN DEPARTMENT OF
CORRECTIONS, et al.,

      Defendants.

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT

Defendants, by and through undersigned counsel, hereby respond to Plaintiff's Amended Complaint (Dkt. 14) as follows:

### NATURE OF THE CASE

1. – 8.      Defendants DENY they violated any of Plaintiffs' rights. Defendants AFFIRMATIVELY ALLEGE the remaining allegations call for legal conclusions to which no response is required. To the extent a response is required, Defendants DENY.

### JURISDICTION

9.      Defendants ADMIT this Court has jurisdiction over Plaintiffs' claims in this lawsuit. Defendants DENY any inference that they violated Plaintiffs' rights and DENY any remaining allegations.

10.     Defendants ADMIT venue is proper in Eastern District of Wisconsin as Waupun Correctional Institution is located in the Eastern District; DENY all Defendants reside in the Eastern District of Wisconsin; and DENY any remaining allegations.

## PARTIES

### Plaintiffs

11. – 20.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, DENY.[1]

### Defendants

21.     Defendants ADMIT.

22.     Defendants ADMIT Kevin Carr is the Secretary of the Wisconsin Department of Corrections (DOC); DENY remaining allegations.

23.     Defendants ADMIT Jared Hoy is DOC's Deputy Secretary; DENY remaining allegations.

24.     Defendants ADMIT Melissa Roberts is DOC's Assistant Deputy Secretary; DENY remaining allegations.

25.     Defendants ADMIT Randall Hepp is the Warden of Waupun Correctional Institution (Waupun); DENY remaining allegations.

---

[1] Defendants do not have signed medical authorizations from the Plaintiffs releasing their protected health information for purposes of this lawsuit; therefore, Defendants lack knowledge to all allegations related to Plaintiffs' medical, dental, or mental health care.

26.     Defendants ADMIT Yana Pusich is the Security Director of Waupun and is responsible for the overall safety and security practices at Waupun; DENY remaining allegations.

## FACTUAL ALLEGATIONS

27. – 28.     Defendants ADMIT.

29. – 33.     Defendants DENY.

34.     Defendants DENY that DOC medical personnel do not appropriately respond to inmate injuries requiring immediate action; Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein, and therefore, DENY remaining allegations.

35.     Defendants DENY.

36.     Defendants DENY there are lengthy delays in responding to HSU requests and providing necessary medical care; Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein, and therefore, DENY remaining allegations.

37. – 38.     Defendants DENY.

39.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, DENY.

40.     Defendants DENY that Plaintiffs have quoted the institution handbook correctly; Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein, and therefore, DENY remaining allegations.

41.     Defendants DENY.

42.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations concerning Hoffman's clinical diagnosis and medication, and therefore, DENY those allegations; DENY remaining allegations contained therein.

43.     Defendants DENY.

44.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations concerning Flemming's clinical diagnosis and medication, and therefore, DENY those allegations; DENY remaining allegations contained therein.

45.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations concerning Natcone's clinical diagnosis and medically necessary devices and therefore, DENY those allegations; DENY remaining allegations contained therein.

46. – 48.     Defendants DENY.

49.     Defendants ADMIT.

50.     Defendants DENY as to the allegation that the handbook *mistakenly* informs; ADMIT remaining.

51. – 52.     Defendants DENY.

53.     Defendants ADMIT.

54.     Defendants DENY.

4

55. – 56.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, DENY.

57.    Defendants DENY.

58. – 59.    Defendants ADMIT.

60.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, DENY.

61. – 62.    Defendants DENY.

63.    Defendants ADMIT.

64. – 66.    Defendants DENY.

67.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, DENY.

68.    Defendants DENY.

69.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, DENY.

70. - 76.    Defendants DENY.

77.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, DENY.

78. – 80.    Defendants DENY.

## CLASS ALLEGATIONS

81. – 94.    Defendants DENY.

## CLASS ACTION ALLEGATIONS

96. – 133.    Defendants DENY.

## CLAIMS FOR RELIEF

134. – 143.   Defendants DENY they violated Plaintiffs' constitutional rights; DENY all remaining allegations.

## JURY DEMAND

Defendants join in with Plaintiffs' jury demand.

## PRAYER FOR RELIEF

Defendants DENY Plaintiffs are entitled to any of the relief requested herein. Defendants DENY that they violated Plaintiffs' constitutional rights and DENY all remaining allegations contained herein.

## OTHER

Defendants DENY any allegations not specifically admitted to above.

## AFFIRMATIVE DEFENSES

As and for affirmative defenses in this action, Defendants state as follows:

1.     All or portions of Plaintiffs' claims must be dismissed to the extent that Plaintiffs failed to exhaust administrative remedies.

2.     To the extent that Defendants are named in their personal capacities, all or portions of Plaintiffs' claims must be dismissed pursuant to the doctrine of qualified immunity.

3.     To the extent that Defendants are named in their official capacities, all or portions of Plaintiffs' claims must be dismissed pursuant to the doctrine of sovereign immunity and the Eleventh Amendment to the United States Constitution.

4.     This action is subject to the requirements, provisions, terms, conditions and limitations of 42 U.S.C. § 1997e.

5.     Some or all of Plaintiffs' claims must be dismissed to the extent that Plaintiffs failed to mitigate damages.

6.     Some or all of Plaintiffs' claims may be barred by the doctrines of claim preclusion or issue preclusion.

7.     Plaintiffs may lack standing for the purpose of pursuing some or all of the claims made against Defendants.

8.     Plaintiffs' complaint fails to state a claim upon which relief may be granted.

9.     Some or all Defendants had no personal involvement in the alleged violations.

10.     Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

**WHEREFORE**, Defendants demand judgment dismissing Plaintiffs' Amended Complaint on the merits with prejudice, and for such other relief as the Court deems just and proper, including an award of Defendants' reasonable attorney fees and expenses.

Dated: December 28, 2023

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

s/Brandon T. Flugaur
BRANDON T. FLUGAUR
Assistant Attorney General
State Bar #1074305

KARLA Z. KECKHAVER
Assistant Attorney General
State Bar #1028242

JON J. WHITNEY
Assistant Attorney General
State Bar #1128444

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-1780 (Flugaur)
(608) 264-6365 (Keckhaver)
(608) 266-1001 (Whitney)
(608) 294-2907 (Fax)
flugaurbt@doj.state.wi.us
keckhaverkz@doj.state.wi.us
whitneyjj@doj.state.wi.us