IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JOHN M. ANDERSON, et al.,

    Plaintiffs,

v.                          Case No. 23-CV-1430

WISCONSIN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR
MOTION FOR PARTIAL SUMMARY JUDGMENT
ON EXHAUSTION GROUNDS**

## INTRODUCTION

Plaintiffs file suit asserting Eighth Amendment claims against Defendants related to the conditions of their confinement at the Waupun Correctional Institution in March 2023–October 2023. (Dkt. 14 ¶¶ 134-143.) They assert that they were provided inadequate medical care, dental care, mental health care, and were exposed to extreme isolation. However, eight Plaintiffs – Anderson, Kurkowski, Dalberg, Flemming, Welch, Dreiling, Salinas-Leal, and Schmitt - failed to exhaust their administrative remedies before filing suit. As such, they must be dismissed from this case.

Defendants file this motion to conserve the parties' and judicial resources before addressing the Plaintiffs' anticipated motion for class certification or the merits of Plaintiffs' lawsuit. Whether an inmate exhausted his administrative

remedies should be determined before the Court decides the merits of the case. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), *as amended on denial of reh'g and reh'g en banc* (Sept. 12, 2008). If this Court denies Defendants' Motion for Partial Summary Judgment on Exhaustion Grounds, they reserve the right to file a Motion for Summary Judgment on the merits by the dispositive-motion deadline established by the Scheduling Order of the Court.

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is an "integral part of the Federal rules," and its purpose "is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 327 (1986). A court's decision to grant summary judgment "is not discretionary"—when "a moving party shows that the opposing party lacks evidence to support each element of a claim, summary judgment must be granted in favor of the movant." *Baron v. Frederickson*, 419 F. Supp. 2d 1056, 1063 (W.D. Wis. 2006) (citation omitted).

"By its very terms," the summary judgment standard "provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). A "material" fact is one that, under the applicable substantive law, "might affect the outcome of the suit." *Id.* at 248. The

"materiality determination rests on the substantive law" because it identifies "which facts are critical and which facts are irrelevant." *Id.* A dispute over a material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

"The party moving for summary judgment has the initial burden of demonstrating there is no genuine dispute of material fact: it may discharge this responsibility by showing that there is an absence of evidence to support the nonmoving party's case." *Bunn v. Fed. Deposit Ins. Corp.*, 908 F.3d 290, 295 (7th Cir. 2018) (citations omitted). Once the movant satisfies his initial responsibility, the burden then shifts to the nonmovant, who must "come forward with specific facts demonstrating that there is a genuine issue for trial." *Id.* (citation omitted); *see also Celotex*, 477 U.S. at 324 ("[R]ule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"). A nonmovant is "entitled to all reasonable inferences in his favor, but inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Lavite v. Dunstan*, 932 F.2d 1020, 1029 (7th Cir. 2019) (citation omitted).

## EXHAUSTION STANDARD

### I. The Prison Litigation Reform Act requires an inmate to exhaust his administrative remedies before filing a lawsuit.

The Prison Litigation Reform Act (PLRA) "mandates that an inmate exhaust 'such remedies as are available' before bringing suit to challenge prison conditions."

*Ross v. Blake*, 578 U.S. 632, 638 (2016) (quoting 42 U.S.C. § 1997e(a)). It provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). PLRA "speaks in unambiguous" and "mandatory" terms: "An inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies." *Ross,* 578 U.S. at 638. As to reach, PLRA "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

To "exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). This means an inmate must "properly" pursue "each step within the administrative process" "so that the agency addresses the issues on the merits." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). The steps an inmate must follow are established by state law. *Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018) ("State law establishes the administrative remedies that a state prisoner must exhaust for purposes of the PLRA."). These requirements are "interpreted strictly," meaning "a prisoner must comply with the specific procedures and deadlines established by the prison's policy." *Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016) (citation omitted).

Inmates are required to "alert[] the prison to the nature of the wrong for which

redress is sought." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002); *see also Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (holding that an inmate must alert the state to the problem and invite corrective action.). Inmates are limited to "one clearly identified issue" per offender complaint and each grievance. Wis. Admin. Code § DOC 310.07(5). Grievances exhaust only claims that are closely related to the issues discussed in those grievances, because those are the only problems that they brought to prison officials' attention. *Strong*, 297 F.3d at 650 (explaining that to effect exhaustion, a prisoner must "object intelligibly to some asserted shortcoming"). "[T]he standard is whether the offender complaint would put an official on notice of the plaintiff's claim." *Wille v. Pugh*, No. 13-cv-1024, 2015 WL 5254532, at *6 (E.D. Wis. Sept. 9, 2015). This does not mean that he needs to name each specific official, but he does have to put prison staff on notice about a particular problem. *Jones v. Bock*, 549 U.S. 199, 219 (2007) (noting that exhaustion requirement is designed "to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued").

"Failure to exhaust is an affirmative defense, and the burden of proof is on the defendant[.]" *Lockett*, 937 F.3d at 1025 (citation omitted). Accordingly, the defendant must "show [the inmate's] failure to exhaust." *Williams v. Ortiz*, 937 F.3d 936, 941 (7th Cir. 2019). If the defendant meets this burden, a district court must dismiss the case. *Ross*, 578 U.S. at 639 ("[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion.").

## II. To exhaust in Wisconsin, an inmate must comply with Wis. Admin. Code ch. DOC § 310.

Wisconsin's administrative procedures for inmate complaints are outlined in Wis. Admin. Code DOC ch. 310 (2018). The Code makes clear its objective: "The purpose of this chapter is to afford inmates in institutions a process by which grievances may be expeditiously raised, investigated, and decided." Wis. Admin. Code DOC § 310.01(1); *see also Lockett*, 937 F.3d at 1027 ("[T]he primary purpose of the exhaustion doctrine: it alerts the prison officials to the existence of the problem and affords an opportunity to repair the injury.").

To achieve that purpose, the Code created the "inmate complaint review system." Under that system, an inmate must "attempt to resolve [an] issue by following the designated process specific to the subject of the complaint" before "filing a formal complaint." Wis. Admin. Code DOC § 310.07(1). If no resolution can be reached, an inmate must then "file a complaint within 14 days after the occurrence giving rise to the complaint." Wis. Admin. Code DOC § 310.07(2). An inmate properly submits a complaint by "placing it in a receptacle designed for complaints or by submitting it to the [institution complaint examiner] office through institution or USPS mail." Wis. Admin. Code DOC § 310.07(8). The complaint must "clearly identif[y]" the issue. Wis. Admin. Code DOC § 310.07(5).

## ARGUMENT

## I. Eight Plaintiffs failed to exhaust their administrative remedies in this case, so they must be dismissed from this lawsuit.

Plaintiffs asserted Eighth Amendment claims related to their conditions of

confinement from March 29, 2023, through the filing of the complaint. (Dkt. 14 ¶ 24.) In its Second Screening Order, the Court allowed Plaintiffs to proceed on four[1] causes of action in relation to these conditions of confinement. (Dkt. 15 citing Dkt. 14 ¶¶ 134-43.) In terms of how these causes of action were articulated in their complaint, Plaintiffs alleged that they were exposed:

- To "substantial risk of serious harm and injury from inadequate access to medical care." (*Id.* ¶¶ 136-137.) Plaintiffs defined this as their "Medical Subclass." (*Id.* ¶ 136.)

- To "substantial risk of serious harm and injury from inadequate access to dental care." (*Id.* ¶¶ 138-139.) Plaintiffs defined this as their "Dental Subclass." (*Id.* ¶ 138.)

- To "substantial risk of serious harm and injury from inadequate mental health care." (*Id.* ¶¶ 140-141.) Plaintiffs defined this as their "Mental Health Subclass." (*Id.* ¶ 140.)

- To "substantial risk of serious harm and injury from inadequate physical exercise, inadequate nutrition, inadequate mental health treatment, and conditions of extreme social isolation and environmental deprivation" with respect to their isolation. (*Id.* ¶¶ 142-143.) Plaintiffs defined this as their "Isolation Subclass." (*Id.* ¶ 142.)

---

[1] Plaintiffs listed five causes of action; however, two of those causes appear to be duplicative, as they separately allege that Plaintiffs were exposed to a "substantial risk of serious harm and injury from inadequate access to health care" and were exposed to "substantial risk of serious harm and injury from inadequate access to medical care." (Dkt. 14 ¶¶ 134-137). It is not clear how these claims differ.

In preparing this motion, Defendants reviewed Plaintiffs' Inmate Complaint History Reports (ICHR) for any relevant inmate complaints which exhausted claims that could fall under one of those subclasses. (DPFOF ¶ 1.) In reviewing these complaints, the following is clear:

- None of the Plaintiffs exhausted any inmate complaints which could reasonably fall under the Mental Health Subclass;

- None of the Plaintiffs exhausted any inmate complaints which could fall under the Isolation Subclass;

- One Plaintiff—Natcone—exhausted an inmate complaint regarding access to routine dental care;

- One Plaintiff—Burkes—exhausted an inmate complaint regarding access to the eye doctor.

As the remaining Plaintiffs did not exhaust their administrative remedies, they must be dismissed from this lawsuit.

### A. John M. Anderson

During the relevant time period, Plaintiff Anderson filed two exhausted inmate complaints which may be related to the identified subclasses. (DPFOF ¶ 2.) However, neither one exhausted his administrative remedies with respect to this lawsuit.

Anderson filed one inmate complaint regarding his access to medical care. In WCI-2023-13260, Anderson complained that he was being denied treatment for eye pain. (DPFOF ¶ 3.) While Anderson successfully exhausted this complaint by utilizing the administrative appellate process, Anderson did not receive a final

decision on his inmate complaint until December 7, 2023, which is *after* this lawsuit was filed on October 26, 2023. (DPFOF ¶ 4.) As the Seventh Circuit has noted, the PLRA "requires prisoners to exhaust administrative remedies *before* filing suit" as a "'sue first, exhaust later' approach is not acceptable." *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020). As such, Anderson did not exhaust his administrative remedies with respect to this complaint.

Anderson also filed an inmate complaint related to his denial of recreation. In WCI-2023-8196, Anderson asserted that he was denied access to recreation on a single occasion—on June 1, 2023. (DPFOF ¶ 5.) That complaint was ultimately dismissed as Anderson was denied recreation due to his failure to be at cell front during count. (DPFOF ¶ 6.) Anderson exhausted his administrative appeals. However, this inmate complaint could not possibly exhaust his administrative remedies with respect to allegations in this lawsuit. Even assuming, *arguendo,* that Anderson claims this inmate complaint is related to the isolation subclass, a denial of recreation on a single occasion did not put the prison on notice of a claim of "inadequate physical exercise, inadequate nutrition, inadequate mental health treatment, and conditions of extreme social isolation and environmental deprivation." (Dkt. 14 ¶ 142.)

The Seventh Circuit's decision in *Schillinger v. Kiley* is instructive. 954 F.3d 990, 995 (7th Cir. 2020). In *Schillinger,* a prisoner sued several prison officials alleging that they failed to protect him from attack by another inmate. *Id*. While the prisoner filed and exhausted an inmate complaint regarding the attack, the complaint

did not show that prison officials had any reason to know that an attack was imminent or that they took appropriate measures to prevent it. *Id.* As such, the Seventh Circuit ruled that he failed to exhaust his failure-to-protect claim. *Id.*

One of the primary purposes of the exhaustion requirement is to permit prison officials the opportunity to address inmate concerns internally before an inmate initiates litigation. *Woodford v. Ngo,* 548 U.S. 81, 89 (2006); *Schillinger,* 954 F.3d at 995. Exhaustion "promotes efficiency because a claim can generally be resolved much more quickly in an administrative proceeding than in litigation in federal court." *Schillinger*, 954 F.3d at 995. Anderson's complaint failed to put the prison on notice of an Eighth Amendment claim related to isolation, as it focused simply on a single denial of recreation. As such, it failed to exhaust his administrative remedies with respect to the isolation subclass.

Anderson's failure to exhaust his administrative remedies prior to filing suit necessitates his dismissal from this case.

### B. Patrick Kurkowski

Plaintiff Kurowski filed two inmate complaints which were potentially related to the claims in this suit. (DPFOF ¶ 7.) Both WCI-2023-12447 and WCI-2023-12844 complained about the Kurkowski's limited access to recreation. However, WCI-2023-12447 was rejected as untimely and WCI-2023-12844 was rejected as frivolous, and neither rejection was appealed to the reviewing authority. (DPFOF ¶¶ 8, 9.) Kurkowski's failure to utilize the administrative appeals process means that he failed

10
Case 2:23-cv-01430-WED   Filed 03/25/24   Page 10 of 16   Document 30

to exhaust these inmate complaints. As Kurkowski failed to exhaust any inmate complaints relevant to this lawsuit, he must be dismissed.

### C. Kenneth Dalberg

Plaintiff Dalberg did not file any relevant inmate complaints which were exhausted. (DPFOF ¶ 10.) The closest example of an exhausted inmate complaint which is relevant to the claims he asserts in this lawsuit is WCI-2023-10705, in which Dalberg complains about the fact that one of his inmate complaints regarding his limited access to healthcare was returned. (DPFOF ¶ 11.) In that complaint, Dalberg asserts that he attempted to file an inmate complaint in which he asserted that he was denied medical treatment due to the facility being on modified movement. (DPFOF ¶ 11.) Dalberg claimed that his inmate complaint was not accepted, as it was determined not to comply with Wis. Admin. Code § DOC 310.07(5)'s requirement that the complaint clearly identify a single issue. (DPFOF ¶ 12.) While Dalberg exhausted WCI-2023-10705, this complaint clearly focused on the return of the previous complaint. Dalberg did not subsequently file any inmate complaints which exhausted his administrative remedies with respect to his limited access to healthcare. (DPFOF ¶ 13.) As such, he must be dismissed from this lawsuit.

### D. Edgar Salinas-Leal

Plaintiff Salinas-Leal did not file any relevant inmate complaints prior to the filing of this lawsuit, let alone any that were exhausted. (DPFOF ¶ 14.) He must be dismissed from this lawsuit.

### E. Bradley Schmitt

Plaintiff Schmitt did not file any relevant inmate complaints prior to the filing of this lawsuit, let alone any that were exhausted. (DPFOF ¶ 15.) He must be dismissed from this lawsuit.

**F. Jayvon Flemming**

Plaintiff Flemming filed two inmate complaints which are related to the claims in this lawsuit. (DPFOF ¶ 16.) However, neither one of them were exhausted prior to this lawsuit being filed. In WCI-2023-12289, Flemming asserted that he was being denied access to the Psychological Services Unit. However, that complaint did not receive a final decision dismissing this complaint until October 31, 2023, after this lawsuit was filed. (DPFOF ¶ 17.) In WCI-2023-14913, Flemming complained that he was being denied dental care. However, this complaint did not receive a final decision until December 20, 2023—again, after this lawsuit was filed. (DPFOF ¶ 18.) Inmate complaints must be fully exhausted prior to filing suit. *Chambers,* 956 F.3d at 984. As Flemming did not exhaust his administrative remedies, he must be dismissed from this suit.

**G. Jason Natcone**

Plaintiff Natcone did exhaust an inmate complaint regarding his access to routine dental care during the relevant time period. In WCI-2023-8465, Natcone asserted that he was not being seen for teeth cleanings every six months as required by his medical condition. The complaint was ultimately affirmed, as hygiene appointments were put on hold during modified movement. (DPFOF ¶ 19.)

However, Natcone did not exhaust any other inmate complaints relevant to this lawsuit. (DPFOF ¶ 20.)

### H. Justin Welch

Plaintiff Welch filed one inmate complaint which is potentially relevant to this lawsuit. (DPFOF ¶ 21.) In WCI-2023-8259, Welch asserted that he was denied access to recreation on a single occasion—on June 1, 2023. (DPFOF ¶ 22.) That complaint was ultimately dismissed as Welch was denied recreation due to his failure to be at cell front during count. (DPFOF ¶ 23.) Welch exhausted his administrative appeals. However, for the reasons previously discussed with respect to Plaintiff Anderson, an inmate complaint regarding one missed recreation period could not possibly exhaust his administrative remedies with respect to allegations in this lawsuit. As such, Welch must be dismissed from this lawsuit.

### I. Ashton Dreiling

Plaintiff Dreiling did not file any inmate complaints which exhausted his administrative remedies in this suit. (DPFOF ¶ 24.) The only tangentially related complaint, WCI-2023-10120, in which Dreiling alleges that staff ignored his claims of self-harm, was not exhausted through the administrative appeals process. (DPFOF ¶ 25.) As such, Dreiling must be dismissed.

### J. Kevin Burkes

Plaintiff Burkes did exhaust an inmate complaint regarding his access to eye care during the relevant time period. In WCI-2023-10358, Burkes alleged that he was not seen by an eye doctor despite complaints about pain in his eyes. The complaint

was affirmed, with the Inmate Complaint Examiner noting that the institution was exploring options to get providers to see patients with optical concerns. (DPFOF ¶ 26.)

Burkes also filed an inmate complaint in which he alleged that wellness checks were not taking place due to modified movement and that "he may have a medical emergency and not be able to contact staff." (DPFOF ¶ 27.) WCI-2023-9370 was reasonably rejected, as Burkes had not alleged that he actually suffered any harm nor that he was in danger as a result of modified movement and the ICRS was not going to judge a "pretend controversy" based on "a state of facts which ha[d] not yet arisen nor upon a matter that is either future, contingent, or uncertain." (DPFOF ¶ 28.) Because rejected claims are "presumably procedurally flawed, they cannot satisfy the exhaustion requirement even if appealed." *Collins v. McCaughtry*, No. 04-C-147-C, 2005 WL 503818, at *3 (W.D. Wis. Feb. 28, 2005); *see also Jones v. Frank*, No. 07-cv-141-bbc, 2008 WL 4190322, at *3 (W.D. Wis. Apr. 14, 2008) ("Under the general rule, plaintiff's failure to comply with this procedural requirement requires the court to dismiss his lawsuit for failure to exhaust all administrative remedies."); *Torry v. Salter*, No. 11-cv-748-wmc, 2013 WL 6238608, at *3 (W.D. Wis. Dec. 3, 2013) ("Regardless of the exact reason for rejecting the complaint, a rejected complaint cannot be exhausted.")

Burkes did not exhaust any other inmate complaints related to this lawsuit. (DPFOF ¶ 29.)

## CONCLUSION

Only two plaintiffs—Natcone and Burkes—exhausted administrative

complaints that may be relevant to this lawsuit. Plaintiffs Anderson, Dalberg, Dreiling, Flemming, Kurkowski, Salinas-Leal, Schmitt, and Welch did not exhaust any relevant inmate complaints. Additionally, none of the Plaintiffs exhausted any inmate complaints related to the Mental Health Subclass or the Isolation Subclass.

To comply with the exhaustion requirement, a prisoner must take each step in the administrative process "in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Because these plaintiffs did not timely pursue the administrative process, they did not exhaust their administrative remedies, and their claims against Defendants must be dismissed. *Id.* at 1024.

For these reasons, the Court should grant the Defendants' motion for partial summary judgment and dismiss all Plaintiffs but for Natcone and Burkes.

Dated March 25, 2024.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

**s/Samir S. Jaber**
SAMIR S. JABER
Assistant Attorney General
State Bar #1076522

**s/Brandon T. Flugaur**
BRANDON T. FLUGAUR
Assistant Attorney General
State Bar #1074305

**s/Karla Z. Keckhaver**
KARLA Z. KECKHAVER
Assistant Attorney General
State Bar #1028242

**s/Jon J. Whitney**
JON J. WHITNEY
Assistant Attorney General
State Bar #1128444

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 267-2229 (Jaber)
(608) 266-1780 (Flugaur)
(608) 264-6365 (Keckhaver)
(608) 266-1001 (Whitney)
(608) 294-2907 (Fax)
jaberss@doj.state.wi.us
flugaurbt@doj.state.wi.us
keckhaverkz@doj.state.wi.us
whitneyjj@doj.state.wi.us