IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JOHN M. ANDERSON, et al.,

    Plaintiffs,

v.                                    Case No. 23-CV-1430

WISCONSIN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

## DEFENDANTS' PROPOSED FINDINGS OF FACT IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT ON EXHAUSTION GROUNDS

Defendants, by and through undersigned counsel, hereby submit their proposed findings of fact in support of their Motion for Partial Summary Judgment on Exhaustion Grounds, as follows:

1. Defendants reviewed Plaintiffs' Inmate Complaint History Reports (ICHR) for any relevant inmate complaints which exhausted claims that could fall under one of the subclasses as alleged in Plaintiffs' complaint: Medical, Dental, Mental Health, and Isolation. (Davidson Decl. ¶¶ 5-7; Dkt. 14 ¶ 134-143.)

2. Plaintiff John Anderson (DOC#91384) filed two exhausted inmate complaints during the relevant time period which may be related to the identified subclasses. (Davidson Decl. ¶¶ 8-10 Ex. 1000, 1001 and 1002.)

3. Anderson filed one inmate complaint regarding his access to medical care. In WCI-2023-13260, Anderson complained that he was being denied treatment for eye pain. (Davidson Decl. Ex. 1000, at 3; Ex. 1002, at 10.)

4. While Anderson successfully exhausted complaint WCI-2023-13260 by utilizing the administrative appellate process, Anderson did not receive a final decision on his inmate complaint until December 7, 2023, which is after this lawsuit was filed on October 26, 2023. (Davidson Decl. Ex. 1002, at 6; Dkt. 1.)

5. Anderson filed an inmate complaint related to his denial of recreation. In WCI-2023-8196, Anderson asserted that he was denied access to recreation on a single occasion—on June 1, 2023. (Davidson Decl. Ex. 1001, at 11.)

6. Complaint WCI-2023-8196 was ultimately dismissed as Anderson was denied recreation due to his failure to be at cell front during count. (Davidson Decl. Ex. 1001, at 2-7.)

7. Plaintiff Patrick Kurowski (DOC#542962) filed two inmate complaints potentially related to the claims in this suit. (Davidson Decl. ¶¶ 12-14 Ex. 1003, 1004, and 1005.)

8. Both WCI-2023-12447 and WCI-2023-12844 complained about the Kurkowski's limited access to recreation. However, WCI-2023-12447 was rejected as untimely and WCI-2023-12844 was rejected as frivolous. (Davidson Decl. Ex. 1004, at 1-4, 6; Ex. 1005, at 1-4, 6.)

9. Kurkowski did not appeal either rejection of WCI-2023-12447 and WCI-2023-12844 to the Reviewing Authority. (Davidson Decl. Ex. 1004, at 5; Ex. 1005, at 5.)

10. Plaintiff Kenneth Dalberg (DOC#114187) did not file any relevant inmate complaints which were exhausted. (Davidson Decl. ¶ 16 Ex. 1006.)

11. In WCI-2023-10705, Dalberg complains about the fact that one of his inmate complaints regarding his limited access to healthcare was returned. Dalberg asserts that he attempted to file an inmate complaint in which he asserted that he was denied medical treatment due to the facility being on modified movement. (Davidson Decl. ¶ 17 Ex. 1007, at 10-12.)

12. In WCI-2023-10705, Dalberg claimed that his inmate complaint was not accepted, as it was determined not to comply with Wis. Admin. Code § DOC 310.07(5)'s requirement that the complaint clearly identify a single issue. (Davidson Decl. ¶ 17 Ex. 1007, at 10-14.)

13. Dalberg did not subsequently file any inmate complaints which exhausted his administrative remedies with respect to his limited access to healthcare. (Davidson Decl. ¶ 16 Ex. 1006.)

14. Plaintiff Edgar Salinas-Leal (DOC#595980) did not file any relevant inmate complaints prior to the filing of this lawsuit, and none of the complaints he filed were exhausted. (Davidson Decl. ¶ 32 Ex. 1020.)

15. Plaintiff Bradley Schmitt (DOC#203199) did not file any relevant inmate complaints prior to the filing of this lawsuit, and none of the complaints he filed were exhausted. (Davidson Decl. ¶ 33 Ex. 1021.)

16. Plaintiff Jayvon Flemming (DOC#556607) filed two inmate complaints which are related to the claims in this lawsuit. (Davidson Decl. ¶¶ 18, 19, 21 Ex. 1008, 1009, 1010.)

17. In WCI-2023-12289, Flemming asserted that he was being denied access to the Psychological Services Unit. However, that complaint did not receive a final decision dismissing this complaint until October 31, 2023, after this lawsuit was filed. (Davidson Decl. Ex. 1009, at 6, 10; Dkt. 1.)

18. In WCI-2023-14913, Flemming complained that he was being denied dental care. However, this complaint did not receive a final decision until December 20, 2023, after this lawsuit was filed. (Davidson Decl. Ex. 1010, at 8, 12; Dkt. 1.)

19. Plaintiff Jason Natcone (DOC#365048) exhausted an inmate complaint regarding his access to routine dental care during the relevant time period. In WCI-2023-8465, Natcone asserted that he was not being seen for teeth cleanings every six months as required by his medical condition. The complaint was ultimately affirmed, as hygiene appointments were put on hold during modified movement. (Davidson Decl. ¶ 24 Ex. 1012.)

20. Natcone did not exhaust any other inmate complaints relevant to this lawsuit. (Davidson Decl. ¶ 23 Ex. 1011.)

21. Plaintiff Justin Welch (DOC#579750) filed one inmate complaint which is potentially relevant to this lawsuit. (Davidson Decl. ¶¶ 25, 26 Ex. 1013, 1014.)

22. In WCI-2023-8259, Welch asserted that he was denied access to recreation on a single occasion—on June 1, 2023. (Davidson Decl. Ex. 1014, at 12, 14.)

23. Complaint WCI-2023-8259 was ultimately dismissed as Welch was denied recreation due to his failure to be at cell front during count. (Davidson Decl. Ex. 1014, at 2-7.)

24. Plaintiff Ashton Dreiling (DOC#673642) did not file any inmate complaints which exhausted his administrative remedies in this suit. (Davidson Decl. ¶ 27 Ex. 1015.)

25. Dreiling submitted one tangentially related complaint, WCI-2023-10120, in which he alleges that staff ignored his claims of self-harm, but it was not exhausted through the administrative appeals process. (Davidson Decl. Ex. 1016, at 5, 6.)

26. Plaintiff Kevin Burkes (DOC#275991) exhausted an inmate complaint regarding his access to eye care during the relevant time period. In WCI-2023-10358, Burkes alleged that he was not seen by an eye doctor despite complaints about pain in his eyes. The complaint was affirmed, with the Inmate Complaint Examiner noting that the institution was exploring options to get providers to see patients with optical concerns. (Davidson Decl. ¶ 31 Ex. 1019, at 3, 6.)

27. Burkes filed inmate complaint WCI-2023-9370 in which he alleged that wellness checks were not taking place due to modified movement and that "he may

have a medical emergency and not be able to contact staff." (Davidson Decl. Ex. 1018, at 2, 8.)

28. WCI-2023-9370 was rejected as Burkes had not alleged that he actually suffered any harm nor that he was in danger as a result of modified movement and the ICRS was not going to judge a "pretend controversy" based on "a state of facts which ha[d] not yet arisen nor upon a matter that is either future, contingent, or uncertain." (Davidson Decl. Ex. 1018, at 2, 5.)

29. Burkes did not exhaust any other inmate complaints related to this lawsuit. (Davidson Decl. ¶ 29 Ex. 1017, at 2.)

Dated March 25, 2024.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

**s/Samir S. Jaber**
SAMIR S. JABER
Assistant Attorney General
State Bar #1076522

**s/Brandon T. Flugaur**
BRANDON T. FLUGAUR
Assistant Attorney General
State Bar #1074305

**s/Karla Z. Keckhaver**
KARLA Z. KECKHAVER
Assistant Attorney General
State Bar #1028242

**s/Jon J. Whitney**
JON J. WHITNEY
Assistant Attorney General
State Bar #1128444

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 267-2229 (Jaber)
(608) 266-1780 (Flugaur)
(608) 264-6365 (Keckhaver)
(608) 266-1001 (Whitney)
(608) 294-2907 (Fax)
jaberss@doj.state.wi.us
flugaurbt@doj.state.wi.us
keckhaverkz@doj.state.wi.us
whitneyjj@doj.state.wi.us