IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JOHN M. ANDERSON, et al.,

    Plaintiffs,

    v.                                             Case No. 23-CV-1430

WISCONSIN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

## DEFENDANTS' MOTION TO STAY MERITS DISCOVERY PENDING A DECISION ON THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT FOR FAILURE TO EXHAUST

Defendants, through undersigned counsel, ask this Court to stay all discovery except only discovery related to the issue of exhaustion of administrative remedies pending a decision on their motion for partial summary judgment for failure to exhaust, which is being filed concurrently with this motion. The grounds for this motion are as follows:

1. Defendants are concurrently filing a motion for partial summary judgment due to the Plaintiffs' failure to exhaust their administrative remedies.

2. That motion, if granted, would result in the dismissal of eight of the ten named Plaintiffs and leave no Plaintiffs asserting causes of action under the isolation or mental health subclasses.

3. While a motion for summary judgment on exhaustion is pending, merits-related discovery must be stayed under *Pavey v. Conley,* 544 F.3d 739, 742 (7th Cir. 2008).

4. Plaintiffs have propounded voluminous discovery all related to the merits of the claims of all ten Plaintiffs and class level claims even though the Parties have not yet briefed the issue of class certification.

5. If the motion for summary judgment on exhaustion is granted, the Defendants' motion would eliminate 80% of the Plaintiffs in this case, leaving two Plaintiffs, each with one exhausted complaint. Merits based discovery related to all the Plaintiffs and class level claims must be stayed until the exhaustion motion is resolved.

6. A stay would also avoid unnecessary time, expense, and inconvenience to this Court and the parties, as required under *Pavey* to fulfill the statutory goals of the PLRA. *Id*. at 742.

7. Finally, a stay would not impact this Court's ability to exercise its jurisdiction in a timely manner, nor would it prejudice the Plaintiff, as the Defendants are not moving to stay any other case deadlines. In the event that the scheduling order in this case needs to be modified, the Parties and the Court can work together to amend the scheduling order as necessary.

For the reasons above, Defendants ask this Court to stay merits related discovery pending a decision on their motion for partial summary judgment for failure to exhaust.

Dated March 25, 2024.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

**s/Samir S. Jaber**
SAMIR S. JABER
Assistant Attorney General
State Bar #1076522

**s/Brandon T. Flugaur**
BRANDON T. FLUGAUR
Assistant Attorney General
State Bar #1074305

**s/Karla Z. Keckhaver**
KARLA Z. KECKHAVER
Assistant Attorney General
State Bar #1028242

**s/Jon J. Whitney**
JON J. WHITNEY
Assistant Attorney General
State Bar #1128444

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 267-2229 (Jaber)
(608) 266-1780 (Flugaur)
(608) 264-6365 (Keckhaver)
(608) 266-1001 (Whitney)
(608) 294-2907 (Fax)
jaberss@doj.state.wi.us
flugaurbt@doj.state.wi.us
keckhaverkz@doj.state.wi.us
whitneyjj@doj.state.wi.us