IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN M. ANDERSON, et al.,

       Plaintiffs,                      Case No. 23-CV-1430

v.

WISCONSIN DEPARTMENT
OF CORRECTIONS et. al.,

       Defendants.

**MOTION TO CERTIFY CLASS AND MEMORANDUM IN SUPPORT**

March 28, 2024.

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES**

**INTRODUCTION**……………………………………………………………………………….2

**PROPOSED CLASSES**……………………………………………………………………….…2

    **1.**    **The Prisoner Class**……………………………………………………………….2

    **2.**    **The Medical Subclass**……………………………………..……………….……2

    **3.**    **The Dental Subclass**……………………………………..……………….…..…2

    **4.**    **The Mental Health Subclass**……………………..……………..……….…..…3

    **5.**    **The Isolation Subclass**……………………………..……………….……….…3

**ARGUMENT**……………………………………………………………………………..……..3

    **I.**    **The Proposed Classes Satisfy the Requirements of Rule 23(A)**……………….3

        **A. Numerosity**………………………………………………………………….4

        **B. Commonality**……………………………………………………………….7

        **C. Typicality**…………………………………………………………………..8

        **D. Adequacy**…………………………………………………………………..9

    **II.**    **The Proposed Classes Satisfy the Requirements of Rule 23(B)**……………..10

    **III.**    **The Court Should Designate Plaintiff's Counsel as Class Counsel Under Rule 23(G)(1)**……………………………………………………………………12

**CONCLUSION**…………………………………………………………………………………13

# TABLE OF AUTHORITIES

**CASES**

*Amchem Products Inc. v. Windsor*, 521 U.S. 591, 514-615 (1997)……………………………….3

*Armstrong v. Davis*, 275 F.3d 849 (9th Cir. 2001)…………………………………………………..8

*Armstrong v. Wilson,* 124 F. 3d 1019 (9th Cir. 1997)……………………………………………...11

*Colorado Cross Disability Coal v. Abercrombie & Fitch Co.,* 765 F.3d 1205, 1215

    (10th Cir. 2014)…..………………………………………………………………….…….4-5

*Kanter v. Casey*, 43 F.3d 48, 58 (3rd Cir. 1994)……………………………………………………11

*Mulvania v. Sheriff of Rock Island Cty*., 850 F. 3d 849, 859 (7th Cir. 2017)……………………..4

*Retired Chicago Police Ass'n v. City of Chi.,* 7 F.3d 584, 598 (7th Cir. 1993)……………………9

*Rodriguez v. Hayes*, 591 F.3d 1105 (9th Cir. 2009)…………………………………….…….....8, 11

*Suchanek v. Strum Foods, Inc.,* 764 F. 3d 750, 756 (7th Cir. 2014)………………………………7

*Toussaint v. Yocket,* 722 F. 2d 1490, 1491 (9th Cir. 1984)……………………………………...11

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S.Ct. 2541, 2551 (2011)…….……………7-8

*Walters v. Reno*, 145 F.3d at 1047 (9th Cir. 1998)………………………………………...10-11

*Yazzie v. Ray Vickers' Special Cars, Inc.,* 180 F.R.D. 411, 415 (D.N.M. 1998)…………………4

**FEDERAL RULES OF CIVIL PROCEDURE**

23(a)…………………………………………………………………………………..3-4, 7-10, 13

23(b)………………………………………………………………………………………..3, 10-11

23(g)………………………………………………………………………………………..12-13

# INTRODUCTION

This case is about the Plaintiffs and members of the Plaintiff Class (hereinafter "Plaintiffs") who have been subjected to deplorable living conditions, violations of basic human needs, and other horrific matters while being confined at the Waupun Correctional Institution (WCI). Plaintiffs rely on Defendants for their basic needs. These needs include food, water, shelter, and medical/mental health care. Throughout the period of on or about March 30, 2023, through today, Defendants have willfully, knowingly, and routinely established policies and practices to disregard the human and Constitutional rights of Plaintiffs. Through this motion and memorandum in support, Plaintiffs respectfully move this Honorable Court to certify this action and the proposed classes discussed below.

# PROPOSED CLASSES

The named Plaintiffs respectfully move this Honorable Court to certify the following classes:

1. **The Prisoner Class**: All prisoner Plaintiffs bring this action on their own behalf and, pursuant to all applicable Rules of Federal Civil Procedure, and on behalf of the class of all prisoners who are now, have been, or will in the future be, subjected to the medical, mental health, and dental care policies and practices of both the Wisconsin Department of Corrections (WIDOC) and WCI.

Additionally, members of the above class seek declaratory and injunctive relief regarding the actions of all Defendants.

2. **The Medical Subclass**: Named Plaintiffs bring this action on their own behalf and, pursuant to all applicable rules of Federal Civil Procedure, and on behalf of the class of all

prisoners are now, have been, or will in the future be, subjected to the medical care policies and practices of the WIDOC and WCI. In this subclass, medical care includes any care related to hearing and vision.

3. **The Dental Subclass**: Named Plaintiffs bring this action on their own behalf and, pursuant to all applicable rules of Federal Civil Procedure, and on behalf of the class of all prisoners are now, have been, or will in the future be, subjected to the dental care policies and practices of WIDOC and WCI.

4. **The Mental Health Subclass**: Named Plaintiffs bring this action on their own behalf and, pursuant to all applicable rules of Federal Civil Procedure, and on behalf of the class of all prisoners are now, have been, or will in the future be, subjected to the mental health care policies and practices of WIDOC and WCI.

5. **The Isolation Subclass**: Named Plaintiffs bring this action on their own behalf and, pursuant to all applicable rules of Federal Civil Procedure, and on behalf of the class of all prisoners are now, have been, or will in the future be, subjected to Defendants policies and practices of denying minimally adequate conditions of confinement while in isolation. The Isolation Subclass members are identifiable using records mainlined in the ordinary course of business by WIDOC and WCI.

## ARGUMENT

Plaintiffs seeking to certify a class must satisfy each of the requirements of Federal Rule of Civil Procedure (Fed. R. Civ. P.) 23(a) and at least one of the three criteria for certification under Fed. R. Civ. P. 23(b). *See Amchem Products Inc. v. Windsor*, 521 U.S. 591, 514-615 (1997).

**I. The Proposed Classes Satisfy the Requirements of Rule 23(A)**

Plaintiffs seeking class certification must meet four requirements under Rule 23(a).

First, the class must be so numerous that joinder of all members would be impracticable; Second, there must be questions of law or fact common to the class; Third, the claims or defenses of the representative parties must be typical of the claims or defenses of the class; and Fourth, the representative parties must fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a).

As discussed in further detail below, the proposed classes meet the requirements commonly known as numerosity, commonality, typicality, and adequacy.

A.      **Numerosity**

Rule 23(a)(1) requires "the class [be] so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "While there is no magic number that applies to every case, a forty-member class is often regarded as sufficient to meet the numerosity requirement." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F. 3d 849, 859 (7th Cir. 2017).

Several factors help determine the impracticability issue. The factors include, but are not limited to, "the nature of the action, the size of the individual claims, the location of the members of the class, or the property that is subject to the matter of the dispute." *Colorado Cross Disability Coal v. Abercrombie & Fitch Co.,* 765 F.3d 1205, 1215 (10th Cir. 2014).

When a determination regarding impracticability is made, the court looks at the size of the class, the geographic dispersion of the members of the class, and whether the names of the members are easily ascertainable. *Yazzie v. Ray Vickers' Special Cars, Inc.,* 180 F.R.D. 411, 415 (D.N.M. 1998).

To be impracticable does not meant that joinder must be impossible, but rather it would be difficult or inconvenient. *Id.* To satisfy the numerosity requirement, the plaintiff must simply show that joinder is impracticable, not impossible. *Id.*

The proposed Classes satisfy the numerosity requirements. Each class and subclass will be addressed in turn.

1. **Plaintiff Class**: The class is so numerous that joinder of all members is impracticable. As of October 26, 2023, there are approximately 950 inmates in the custody of WIDOC at WCI. Each named Plaintiff is impacted by the policies and practices of Defendants. The number of people in this class is well beyond the number that other courts have determined is viable for certification.

Second, it would be practically impossible to join each putative class member to the action individually. By definition, Plaintiffs could not join the other potential class members due to the ever-evolving number of inmates under the care of WIDOC and housed at WCI. *Colorado Cross,* 765 F. 3d at 1215.

Third, the vast majority of potential plaintiffs lack the resources to bring separate lawsuits. In fact, the members of the class are marginalized and restricted from the typical freedom of movement afforded to members of the general public. The limited resources of Plaintiffs, along with the restrictions they live under on a daily basis, further establish the numerosity requirement is satisfied.

Fourth, and lastly, adjudicating the case through individual lawsuits against Defendants would strain judicial resources. Separate lawsuits by a multitude of Plaintiffs would result in duplicative discovery (including numerous depositions of the same official(s) and repetitive

discovery), repeated adjudication of similar controversies in this Court (with the possibility of inconsistent judgments), and excessive costs for all parties.

For the above-mentioned reasons, the numerosity elements for the Plaintiff Class.

2. **The Medical Subclass:** The Medical Subclass is so numerous that joinder of all members is impracticable. As stated above, there are approximately 950 prisoners in the custody of WIDOC and WCI, all of whom are dependent on Defendants for medical care. Due to Defendants' policies and practices, all WCI prisoners receive, or are at risk of receiving, inadequate medical care while in the care and custody of WIDOC and WCI.

The second through fourth factors analyzed above also apply to the Medical Subclass.

3. **The Dental Subclass**: The Dental Subclass is so numerous that joinder of all members is impracticable. As stated above, as of October 26, 2023, there are approximately 950 prisoners in the custody and control of WIDOC and WCI, all of whom are entirely dependent on Defendants for dental care services. Due to Defendants' policies and practices, all WCI prisoners receive, or are at risk of receiving, inadequate medical care while in the care and custody of WIDOC and WCI.

The second through fourth factors analyzed above also apply to the Dental Subclass.

4. **The Mental Health Subclass**: The Mental Health Subclass is so numerous that joinder of all members is impracticable. As stated above, as of October 26, 2023, there are approximately 950 prisoners in the custody and control of WIDOC and WCI, all of whom are entirely dependent on Defendants for mental health services. Due to Defendants' policies and practices, all WCI prisoners receive, or at are risk of receiving, inadequate mental health services while in the care and custody of WIDOC and WCI.

The second through fourth factors analyzed in the Plaintiff Class also apply to the Mental Health Subclass.

5. **The Isolation Subclass**: The Isolation Subclass is so numerous that joinder of all members is impracticable. As stated above, as of October 26, 2023, there are approximately 950 prisoners in the custody and control of WIDOC and WCI.

Due to Defendants' policies and practices, all WCI prisoners receive, or at are risk of receiving, inadequate mental health services while in the care and custody of WIDOC and WCI.

The second through fourth factors analyzed in the Plaintiff Class also apply to the Mental Health Subclass.

Therefore, the Numerosity requirement is satisfied for the class and all subclasses.

B. **Commonality**

The second Rule 23(a) requirement is that "there [be] questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The vital point is the need for "common conduct" towards members of the class. *Suchanek v. Strum Foods, Inc.,* 764 F. 3d 750, 756 (7th Cir. 2014).

"Where the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question." *Id.*

The Supreme Court recently reiterated that commonality requires the plaintiffs to demonstrate that each member of the class "ha[s] suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S.Ct. 2541, 2551 (2011) (citation and quotation marks omitted).

In *Dukes*, the Court clarified that, to fulfill the commonality requirement, class claims must "depend upon a common contention . . . [that is] capable of class wide resolution … mean[ing] that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id*. In other words, "[w]hat matters to class

certification . . . [is] the capacity of a class wide proceeding to generate common answers apt to drive the resolution of the litigation." Id. (emphasis in original) (citation and quotation marks omitted). Importantly, "for purposes of Rule 23(a)(2) [e]ven a single [common] question will do." *Id.* at 2556 (citation and internal quotation marks omitted).

Commonality is satisfied as the legal and factual questions do not vary from one Plaintiff to the next. Defendants are responsible for the daily operation of WIDOC and WCI in various capacities. All Plaintiffs are subjected on a daily basis to Defendants' policies, procedures, and practices.

Defendants' deliberate indifference is such a system-wide practice that it has created a significant risk of serious harm to all members of the Class. See *Dukes*, 131 S.Ct. at 2553 (noting that a supervisor's discriminatory bias could justify certifying a class of different groups of employees since the defendant's unlawful intent would manifest itself in different contexts).

Therefore, since the issues of Defendants' actions are central to the main issues of each class, commonality has been satisfied.

### C. Typicality

The third requirement under Rule 23(a) is the need to show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3).

The typicality requirement is "satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Armstrong v. Davis*, 275 F.3d at 868 (citations omitted). The injuries do not have to be identical but must be similar and arise from the same course of conduct. *Id*; *Rodriguez v Hayes*, 591 F.3d at 1124.

8

Several factual questions concerning Defendants 'actions are common to the members of each class as each Plaintiff relies solely on Defendants for their daily necessities, medical treatment, mental health treatment, and dental treatment. The resolution of these common legal and factual issues will determine if the members of each class are entitled to relief.

Here, the named Plaintiffs' claims, along with that of each class, have the same interests in this case. Each of the named Plaintiffs, along with each member of the classes, suffered injuries from the policies and practices of the Defendants' failure to comply with their duties to provide adequate food, living conditions, medical treatment, mental health treatment, and dental treatment.

Additionally, all named Plaintiffs and members of the classes have had their Constitutional rights violated by the policies and practices of all Defendants.

In conclusion, because the named Plaintiffs suffered from the same harm, and continue to suffer from the same harm, as members of the class, and because their legal arguments and claims for relief are the same as those of their classmates, Plaintiffs satisfy the typicality requirement of Rule 23(a)(3).

### D. Adequacy

Lastly, based on the facts and circumstances, it is clear that the named Plaintiffs will "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4).

Adequacy of representation includes two parts: "[T]he adequacy of the named plaintiff's counsel, and the adequacy of representation proved in protecting the different, separate, and distinct interest" of the class members. *Retired Chicago Police Ass'n v. City of Chi.,* 7 F.3d 584, 598 (7th Cir. 1993).

Here, named Plaintiffs and members of the plaintiff class have reached out to Plaintiff's counsel to represent them in this matter. The named Plaintiffs do not appear to have any conflicting interests and have suffered the same alleged injury(ies) as the members of the class.

Counsel's efforts regarding this case have included extensive investigation over a period of months. The efforts have included numerous interviews with witnesses, family members, reviews of news articles, and reviewing other matters pertaining to the issues present in the current case.

As a result, counsel has devoted significant time and resources to becoming intimately familiar with the facts and circumstances of this case. Counsel is also intimately aware with Defendants' policies and practices and the impact it has had on named Plaintiffs and members of the class.

Therefore, representation is adequate.

As a result of the foregoing arguments, the requirements under Rule 23(a) have been met.

**II. The Proposed Classes Satisfy the Requirements of Rule 23(b)**

In addition to meeting the class certification requirements under Rule 23(a), the proposed class must satisfy the requirements of one of the three subsections of Rule 23(b).

For the reasons described below, this case fits squarely within Rule 23(b)(2), which authorizes class certification where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Rule 23(b)(2).

For example, as the Ninth Circuit has explained, Section 23(b)(2) "was adopted in order to permit the prosecution of civil rights actions." *Walters v. Reno*, 145 F.3d at 1047 (9th Cir. 1998);

see also Baby Neal for and by *Kanter v. Casey*, 43 F.3d 48, 58 (3rd Cir. 1994) (noting that subsection (b)(2) "is almost automatically satisfied in actions primarily seeking injunctive relief).

Whether a class may be certified under Rule 23(b)(2) depends on "whether class members seek uniform relief from a practice applicable to all of them." *Rodriguez*, 591F.3d at 1125.

The fact that different class members have suffered different injuries—or no injury at all—does not bar certification under Rule 23(b)(2). Id.; see also *Walters*, 145 F.3d at 1047 ("We note that with respect to 23(b)(2) in particular, the government's dogged focus on the factual differences among the class members appears to demonstrate a fundamental misunderstanding of the rule…. It is sufficient if class members complain of a pattern or practice that is generally applicable to the class as a whole.").

Here, Defendants have placed all named Plaintiffs and class members at risk of grave physical, mental, and dental harm by providing policies and practices by implementing an unnecessary and prolonged lockdown and allowing unconstitutional treatment and conditions to persist for a prolonged period of time. Defendants have additionally failed to provide any measures to safeguard against any further constitutional rights violations of the named Plaintiffs or members of the class.

The basis of *Rodriguez* has allowed inmates in the 9th Circuit to bring class action suits. Numerous cases including, but not limited to: *Armstrong v. Wilson,* 124 F. 3d 1019 (9th Cir. 1997) (statewide class action on behalf of physically disabled California prisoners and *Toussaint v. Yocket,* 722 F. 2d 1490, 1491 (9th Cir. 1984) (class of approximately 2,000 prisoners confined in administrative segregation in four California state prisons.) used the above-mentioned logic in *Rodriguez*.

There is no reason this Honorable Court should not apply the same standards.

### III. The Court Should Designate Plaintiff's Counsel as Class Counsel Under Rule 23(G)(1)

Rule 23(g) requires the court appoint class counsel for any class that is certified. Fed. R. Civ. P. 23(g)(1). The attorney appointed to serve as class counsel must "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). The appointed class counsel must be listed in the Court's class certification order. Fed. R. Civ. P. 23(c)(1)(B).

The Rule identifies four factors that the Court must consider in appointing class counsel: (1) "the work counsel has done in identifying or investigating potential claims in the action;" (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;" (3) "counsel's knowledge of the applicable law;" and (4) "the resources that counsel will commit to representing the class." Rule 23(g)(1)(A).

First, counsel has worked for an extended period of time in identifying and investigating the claims at issue in the current case. In particular, Plaintiffs' counsel has interviewed the named Plaintiffs, communicated with numerous other class members, sought records, communicated with outside agencies, discussed the current case with reporters, and assembled numerous other pieces of evidence regarding the current case.

Finally, counsel's litigation team has dedicated, and will continue to dedicate, staffing solutions and material resources in the representation of the class, including researching and retaining experts, if applicable.

Counsel is also keenly aware of the voluminous work related to this class and, if necessary, will take steps to hire new office personnel or, in the alternative, will partner with another firm.

Therefore, Plaintiffs' counsel satisfies the criteria for class counsel as set forth in Rule 23(g) and Plaintiffs respectfully request that this Honorable Court appoint him in the class certification order.

**Conclusion**

For the foregoing reasons, Plaintiffs respectfully request that this Honorable Court certify this class pursuant to Rules 23(a) and (b)(2), a class consisting of all prisoners who are now, or will in the future be, subjected to the medical, dental health, mental health, and isolation policies and practices of WIDOC, WCI, and Defendants. Plaintiffs also request that this Honorable Court appoint the undersigned as class counsel pursuant to Rule 23(g).

RESPECTFULLY SUBMITTED,

Dated: March 28, 2024.
[electronically signed]

*/s/ Lonnie D. Story*
Lonnie D. Story, Esquire
Attorney for Plaintiffs
STORY LAW FIRM, LLC
State Bar No: 1121459
732 N. Halifax Ave, #301
Daytona Beach, Florida, 32118
O: (386) 492-5540
E: lstorylaw@gmail.com