IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JOHN M. ANDERSON, et al.,

        Plaintiffs,

    v.                     Case No. 23-CV-1430

WISCONSIN DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION (DKT. 28)

Plaintiffs filed a motion for a preliminary injunction arguing that the general conditions of their confinement at Waupun Correctional Institution violate their rights, demanding several forms of injunctive relief. (Dkt. 28.) However, plaintiffs provide no evidence to support any of their claims. As their claims do not meet the standard for a preliminary injunction, their motion must be denied.

### PRELIMINARY INJUNCTION STANDARD

The purpose of a preliminary injunction is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit. *Faheem-el v. Klincar,* 841 F.2d 712, 717 (7th Cir. 1988). Granting a preliminary injunction is "an exercise of very far-reaching power, never to be indulged in except in a case clearly demanding it." *Roland Machinery Co. v. Dresser Industries, Inc.*, 749 F.2d 380, 389 (7th Cir. 1984). A

preliminary injunction is an extraordinary remedy. *Shaffer v. Globe Protection, Inc.*, 721 F.2d 1121, 1123 (7th Cir. 1983).

To win a preliminary injunction, the moving party must show: (1) he is reasonably likely to succeed on the merits; (2) he is suffering irreparable harm that outweighs any harm the nonmoving party will suffer if the injunction is granted; (3) there is no adequate remedy at law; and (4) an injunction would not harm the public interest. *Ezell v. City of Chicago*, 651 F.3d 684, 694 (7th Cir. 2011); *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006). If the moving party meets this threshold burden, the district court weighs the factors against one another in a sliding scale analysis. This means the district court must exercise its discretion to determine whether the balance of harms weighs in favor of the moving party, or whether the nonmoving party or public interest will be harmed sufficiently that the injunction should be denied. *Id.*; *Christian Legal Soc'y,* 453 F.3d at 859. The movant bears the burden of persuasion for each factor, and "if a plaintiff fails to meet just one of the prerequisites for a preliminary injunction, the injunction must be denied." *Cox v. City of Chicago*, 868 F.2d 217, 223 (7th Cir. 1989).

In this case, the scope of injunctive relief must also comply with the requirements of the Prison Litigation Reform Act, 18 U.S.C. § 3626 (PLRA). *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). The PLRA requires that, before granting prospective relief, a court must find the relief is: (1) narrowly drawn; (2) extends no further than necessary to correct the violation of the federal right; and (3) is the least intrusive means necessary to correct the violation of the federal right. 18

2

U.S.C. § 3626(a)(2). Not only must these findings be made, but the court must also give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief." *Id.*

 "A preliminary injunction is intended to protect the status quo while the case proceeds, not to adjudicate the merits." *Chathas v. Local 134 Int'l Bhd. of Elec. Workers*, 233 F.3d 508, 513 (7th Cir. 2000). It is not meant to provide a plaintiff with the ultimate relief sought without putting the plaintiff to his ultimate burden of proof.

## ARGUMENT

### I. Plaintiffs' motion should be denied because they failed to meet the standard for a preliminary injunction.

Plaintiffs make an assortment of allegations regarding the conditions of their confinement, effectively reciting the allegations from their complaint. However, plaintiffs provide no evidence whatsoever to support any of their allegations. Their lack of evidence belies the notion that they are likely to succeed on the merits of their claims, nor can they establish that they will suffer irreparable harm absent injunctive relief.

### A. Plaintiffs fail to demonstrate likelihood of success on the merits.

Plaintiffs argue that they are subjected to "long-term lockdowns" and "unnecessary medical and mental health-related issues" due to the actions of Defendants. (Dkt. 28 at 8.) But Plaintiffs provide no specifics to support their claims. They give no examples, nor do they provide any evidence that of their alleged harms other than to cite to online articles footnoted throughout their motion. The contents of newspaper articles are inadmissible hearsay. *Stollings v. Ryobi Technologies, Inc.*,

3

725 F. 3d 753, 761 (7th Cir. 2013) *citing Chicago Firefighters Local 2 v. City of Chicago*, 249 F.3d 649, 654 (7th Cir. 2001) (newspaper article was inadmissible hearsay when offered as proof of article's contents). As the Seventh Circuit has consistently noted, the plaintiff bears the burden of persuasion for demonstrating likelihood of success on the merits. *Cox,* 868 F.2d at 233. Broad unsupported accusations do not come anywhere near meeting that threshold.

Besides, Plaintiffs ignore the pending exhaustion motion that would eliminate the vast majority of their claims, buttressing the notion that they are unlikely to succeed on the merits of their lawsuit. (Dkts. 29-32.) Plaintiffs' motion does not address this gaping hole in their assertion of likelihood of success on the merits. Nor could they do so with such broad generalizations untethered to any particular plaintiff, date, or incident.

Plaintiffs' motion fails to demonstrate likelihood of success on the merits. On that basis alone, it must be denied. *Cox* at 233.

**B. Plaintiffs' motion does not meet any of the other standards for injunctive relief.**

Plaintiffs' motion is otherwise deficient for the largely the same reason—lack of evidence. Without evidence, Plaintiffs cannot demonstrate that they will suffer irreparable harm absent injunctive relief. Nor can they demonstrate that there is no adequate remedy at law, as there is a clearly delineated administrative complaint process—the Inmate Complaint Review System—that most Plaintiffs declined to utilize. *See* Wis. Admin. Code ch. DOC 310.

4

Finally, Plaintiffs' proposed injunctive relief does not comport with the PLRA's requirement that it be (1) narrowly drawn; (2) extend no further than necessary to correct the violation of the federal right; and (3) is the least intrusive means necessary to correct the violation of the federal right. Plaintiffs seek to "restore WCI to full movement," which is neither narrowly tailored nor least intrusive as it would require a fundamental shift in prison operations which have been designed to ensure the safety and security of everyone at Waupun Correctional. Plaintiffs also seek a review of "all investigation documentation, including Department of Justice investigation documentation, pertaining to WCI," which is vague, unclear, and seems to imply intrusion into documentation protected by attorney-client privilege. Plaintiffs also "seek an external entity to assess the current state of WCI" regarding an assortment of issues including staffing, medical care, dietary, and "any other pertinent matters," which is far from narrowly tailored nor least intrusive. These asks, which would require the interference into the very operations of the Waupun Correctional Institution, would certainly represent a harm to the public interest due to the costs, logistical implications, and safety considerations, a factor that Courts are required to give "substantial weight." 18 U.S.C. § 3626(a)(2).

Ultimately, none of Plaintiffs' proposed injunctive relief is worthy of this Court's consideration absent any evidence justifying it. It is Plaintiffs' burden to show that they are entitled to injunctive relief, and they fail to meet that burden here. Their motion must be denied.

## CONCLUSION

For these reasons, Plaintiffs' motion for a preliminary injunction must be denied.

Dated April 8, 2024.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

**s/Samir S. Jaber**
SAMIR S. JABER
Assistant Attorney General
State Bar #1076522

**s/Brandon T. Flugaur**
BRANDON T. FLUGAUR
Assistant Attorney General
State Bar #1074305

**s/Karla Z. Keckhaver**
KARLA Z. KECKHAVER
Assistant Attorney General
State Bar #1028242

**s/Jon J. Whitney**
JON J. WHITNEY
Assistant Attorney General
State Bar #1128444

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 267-2229 (Jaber)
(608) 266-1780 (Flugaur)
(608) 264-6365 (Keckhaver)
(608) 266-1001 (Whitney)
(608) 294-2907 (Fax)
jaberss@doj.state.wi.us
flugaurbt@doj.state.wi.us

6

keckhaverkz@doj.state.wi.us
whitneyjj@doj.state.wi.us

7