UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN MANN ANDERSON, et al.,

          Plaintiffs,

    v.                                  Case No. 23-CV-1430

WISCONSIN DEPARTMENT OF CORRECTIONS, et al.,

          Defendants.

## DECISION AND ORDER

### 1. Background

The plaintiffs are all inmates of Wisconsin prisons. (ECF No. 1, ¶ 1.) They filed this proposed class action on October 26, 2023, seeking declaratory and injunctive relief with respect to the Wisconsin Department of Corrections (DOC) and various DOC officials. (ECF No. 1.) They allege, in part, that "the system under which Defendants provide, or do not provide, medical, mental health, and dental care (collectively, 'health care') to prisoners is grossly inadequate and subjects all prisoners to a substantial risk of serious harm, including unnecessary pain and suffering, preventable injury, amputation, disfigurement, and death." (ECF No. 1, ¶ 1.)

The plaintiffs filed an amended complaint on November 21, 2023 (ECF No. 14), which the court screened in accordance with 28 U.S.C. § 1915A (ECF No. 15). The defendants answered the amended complaint on December 28, 2023. (ECF No. 18.) Following a scheduling conference (ECF No. 25), the court on January 24, 2024, issued a scheduling order (ECF No. 26).

On March 22, 2024, the plaintiffs moved for a preliminary injunction. (ECF No. 28.) The defendants responded on April 8, 2024. (ECF No. 35.) The plaintiffs did not reply.

Three days after the plaintiffs moved for a preliminary injunction, the defendants moved for partial summary judgment, contending that some of the plaintiffs failed to exhaust their administrative remedies before filing this lawsuit. (ECF No. 29; *see also* ECF Nos. 30 (brief in support); 31 (proposed findings of fact); 32 (declaration and supporting documents); 36 (plaintiffs' response); 37 (brief in opposition); 38 (plaintiffs' proposed findings of fact); 40 (reply); 41 (defendants' response to plaintiffs' additional proposed findings of fact).).

At the same time, the defendants moved to stay discovery on the merits of the plaintiffs' claims pending resolution of the motion for partial summary judgment. (ECF No. 33.) On May 3, 2024, the court granted that motion as unopposed. (ECF No. 42.)

On March 28, 2024, the plaintiffs moved to certify a class. (ECF No. 34.) The defendants oppose that motion. (ECF No. 39.) Again, the plaintiffs did not reply.

The court addresses here only the defendants' motion for partial summary judgment and their related motion to strike.

**2. Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it "might affect the outcome of the suit" and a dispute is "genuine" only if a reasonable factfinder could return a verdict for the non-movant. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). In resolving a motion for summary judgment, the court is to "construe all evidence and draw all reasonable inferences from the evidence in" favor of the non-movant. *E.Y. v. United States*, 758 F.3d 861, 863 (7th Cir. 2014) (citing *Gil v. Reed*, 535 F.3d 551, 556 (7th Cir. 2008); *Del Raso v. United States*, 244 F.3d 567, 570 (7th Cir. 2001)). "The controlling question is whether a reasonable trier of fact could find in favor of the non-moving party on the evidence submitted in support of and [in] opposition to the motion for summary judgment." *White v. City of Chicago*, 829 F.3d 837, 841 (7th Cir. 2016).

**3. The Defendants' Motion to Strike**

The plaintiffs did not respond to the defendants' proposed findings of fact in support of their motion for partial summary judgment. *See* Civ. L.R. 56(b)(2)(B). Therefore, all of the defendants' proposed findings of fact are deemed admitted. Civ. L.R. 56(b)(4). Although the plaintiffs submitted their own proposed findings of fact

(ECF No. 38), none of their facts is supported by a citation "to particular parts of materials in the record," Fed. R. Civ. P. 56(c)(1)(A). Therefore, the court disregards the plaintiffs' proposed findings of fact.

On May 9, 2024, the plaintiffs filed three affidavits.[1] (ECF Nos. 43 (affidavit of Kevin Burks), 44 (affidavit of Patrick Kurkowski), and 45 (affidavit of Edgar Salinas-Leal).) On May 14, 2024, they filed one more. (ECF No. 48 (affidavit of John Anderson).) The plaintiffs filed these documents with no explanation as to, for example, the procedural basis for them, what they related to, or what the plaintiffs expected the court to glean from them. Insofar as they may have been intended to respond to the defendants' motion for partial summary judgment, they are procedurally improper in that they are not connected to any proposed finding of fact, *see* Civ. L.R. 56(b)(2)(C), (and no proposed finding of fact is referenced in the plaintiffs' response, see Civ. L.R. 56(b)(6)) and, in any event, untimely, *see* Civ. L.R. 56(b)(2) (requiring all materials in opposition to be filed within 30 days of the motion for summary judgment).

On May 17, 2024, the defendants moved to strike the affidavits. (ECF No. 49.) Because there is no basis for the court to consider the affidavits, the motion to strike will be granted.

---

[1] The plaintiffs incorrectly characterized these documents as declarations.

## 4. Analysis of Defendants' Motion for Partial Summary Judgment

Turning to the merits of the defendants' motion, 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See also Ross v. Blake*, 578 U.S. 632, 638 (2016). Exhaustion requires filing administrative complaints and appeals in the time, place, and manner required under the prison's administrative rules. *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019); *Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018). The purpose of the administrative exhaustion requirement is to give the parties an opportunity to resolve the claim without the need to resort to federal litigation. *See Lockett*, 937 F.3d at 1027; *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013); *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004). The procedures a Wisconsin inmate must follow to exhaust a complaint are set forth in Wisconsin Administrative Code DOC Chapter 310. Because failure to exhaust is an affirmative defense, the burden is on the defendants. *Williams v. Ortiz*, 937 F.3d 936, 941 (7th Cir. 2019).

The plaintiffs in their amended complaint present four categories of claims: inadequate medical care; inadequate dental care; inadequate mental health care; and harm associated with isolation. (ECF No. 14, ¶¶ 136-43.)

John Anderson filed two relevant inmate complaints. (ECF No. 31, ¶ 2.) Complaint WCI-2023-13260 was related to his access to medical care—specifically, that

he was denied treatment for eye pain. (ECF No. 31, ¶ 3.) He exhausted his administrative remedies regarding that complaint, and received a final administrative decision on December 7, 2023, which was more than a month after he filed this suit. (ECF No. 31, ¶ 4.) Anderson also filed complaint WCI-2023-8196, which claimed he was denied recreation on June 1, 2023. (ECF No. 31, ¶ 5.) That complaint was dismissed because Anderson had been denied recreation due his having not been at the front of his cell for count. (ECF No. 31, ¶ 6.)

Patrick Kurkowski filed two relevant inmate complaints. (ECF No. 31, ¶ 7.) In WCI-2023-12447 and WCI-2023-12844, Kurkowski complained about his limited access to recreation. (ECF No. 31, ¶ 8.) The former complaint was rejected as untimely; the latter was rejected as frivolous. (ECF No. 31, ¶ 8.) Kurkowski did not appeal either decision. (ECF No. 31, ¶ 9.)

Kenneth Dalberg "did not file any relevant inmate complaints which were exhausted." (ECF No. 31, ¶¶ 10, 13.) He did, however, file inmate complaint WCI-2023-10705 in which he complained that he had attempted to file a complaint about having been denied medical treatment but that complaint was returned. (ECF No. 31, ¶¶ 11-12.)

Edgar Salinas-Leal "did not file any relevant inmate complaints prior to the filing of this lawsuit, and none of the complaints he filed were exhausted." (ECF No. 31, ¶ 14.)

Bradley Schmitt "did not file any relevant inmate complaints prior to the filing of this lawsuit, and none of the complaints he filed were exhausted." (ECF No. 31, ¶ 15.)

Jayvon Flemming "filed two inmate complaints which are related to the claims in this lawsuit." (ECF No. 31, ¶ 16.) "In WCI-2023-12289, Flemming asserted that he was being denied access to the Psychological Services Unit. However, that complaint did not receive a final decision dismissing this complaint until October 31, 2023, after this lawsuit was filed." (ECF No. 31, ¶ 17.) "In WCI-2023-14913, Flemming complained that he was being denied dental care. However, this complaint did not receive a final decision until December 20, 2023, after this lawsuit was filed." (ECF No. 31, ¶ 18.)

Jason Natcone "exhausted an inmate complaint regarding his access to routine dental care during the relevant time period. In WCI2023-8465, Natcone asserted that he was not being seen for teeth cleanings every six months as required by his medical condition. The complaint was ultimately affirmed, as hygiene appointments were put on hold during modified movement." (ECF No. 31, ¶ 19.) "Natcone did not exhaust any other inmate complaints relevant to this lawsuit." (ECF No. 31, ¶ 20.)

Justin Welch "filed one inmate complaint which is potentially relevant to this lawsuit." (ECF No. 31, ¶ 21.) "In WCI-2023-8259, Welch asserted that he was denied access to recreation on a single occasion—on June 1, 2023." (ECF No. 31, ¶ 22.) "Complaint WCI-2023-8259 was ultimately dismissed as Welch was denied recreation due to his failure to be at cell front during count." (ECF No. 31, ¶ 23.)

Ashton Dreiling "did not file any inmate complaints which exhausted his administrative remedies in this suit." (ECF No. 31, ¶ 24.) "Dreiling submitted one tangentially related complaint, WCI-202310120, in which he alleges that staff ignored his claims of self-harm, but it was not exhausted through the administrative appeals process." (ECF No. 31, ¶ 25.)

Kevin Burkes "exhausted an inmate complaint regarding his access to eye care during the relevant time period. In WCI-2023-10358, Burkes alleged that he was not seen by an eye doctor despite complaints about pain in his eyes. The complaint was affirmed, with the Inmate Complaint Examiner noting that the institution was exploring options to get providers to see patients with optical concerns." (ECF No. 31, ¶ 26.) "Burkes filed inmate complaint WCI-2023-9370 in which he alleged that wellness checks were not taking place due to modified movement and that 'he may have a medical emergency and not be able to contact staff.'" (ECF No. 31, ¶ 27.) "WCI-2023-9370 was rejected …." (ECF No. 31, ¶ 28.) "Burkes did not exhaust any other inmate complaints related to this lawsuit." (ECF No. 31, ¶ 29.)

The defendants argue that no plaintiff has exhausted any complaint that could reasonably fall under the category of alleged inadequate mental health care or harm associated with isolation. (ECF No. 30 at 8.) Natcone alone exhausted a complaint regarding routine dental care, and Burkes alone exhausted a complaint regarding access

8
Case 2:23-cv-01430-WED   Filed 05/23/24   Page 8 of 11   Document 52

to an eye doctor. (ECF No. 30 at 8.) All other plaintiffs have failed to exhaust any relevant claim. (ECF No. 30 at 8.)

The plaintiffs submitted both a "Response" (ECF No. 36) and a "Brief in Opposition" (ECF No. 37) to the defendants' motion for partial summary judgment. The Response is more general in that it contains broad statements of the law (although sometimes the plaintiffs refer to inapplicable state law, such as the summary judgment standard in Wisconsin state courts (ECF No. 36, ¶ 7)). Only in the Brief in Opposition do the plaintiffs respond to the substance of the defendants' motion. It is unclear why they filed two documents.

The plaintiffs respond: "Despite Defendants' contentions, Plaintiffs fully exhausted all administrative measures as DCI directed them to. Plaintiffs filed a myriad of complaints as highlighted in Defendants' Motion for Partial Summary Judgment." (ECF No. 37 at 6.) They proceed to argue that they do not actually need to prosecute their claims through a full round of administrative review in order to exhaust their claims. Rather, because the DOC's administrative rules leave it to the inmate whether to appeal, they can choose how far they want to go in the administrative process before turning to a federal lawsuit. (ECF No. 37 at 6.) The plaintiffs do not direct the court to any instance in which a court has accepted what seems a patently absurd interpretation of the PLRA's exhaustion requirement.

The plaintiffs further assert: "There is a genuine issue of material fact as to a Plaintiff's ability to obtain a form throughout the institution. Also, Plaintiffs may have had no faith in obtaining forms from a complaint department while they were actively struggling to obtain basic human needs during the lockdown." (ECF No. 37 at 6.)

The plaintiffs' bald speculation that they may not have been able to acquire the necessary forms to exhaust their administrative remedies or might not have had faith in the process is insufficient to establish a dispute of material fact. The plaintiffs have not individually addressed the circumstances of each plaintiff or otherwise responded to the substance of the defendants' motion.

Therefore, the defendants' motion for partial summary judgment will be granted. The undisputed facts demonstrate that Patrick Kurkowski, Kenneth Dalberg, Edgar Salinas-Leal, Bradley Schmitt, Justin Welch, and Ashton Dreiling have not exhausted their administrative remedies with respect to any claim they attempt to pursue in the amended complaint. Therefore, they will be dismissed as plaintiffs. John Anderson and Jayvon Flemming exhausted relevant claims only after they filed this lawsuit. But administrative remedies must be exhausted before filing suit. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) ("By its plain terms, the PLRA requires prisoners to exhaust administrative remedies *before* filing suit; a 'sue first, exhaust later' approach is not acceptable.").

10

Jason Natcone exhausted his administrative remedies relating to a complaint regarding routine dental care. Kevin Burkes exhausted his administrative remedies relating to a complaint regarding eye care. These complaints correspond with the plaintiffs' medical care and dental care claims in this lawsuit. But the amended complaint does not present any exhausted complaint regarding the plaintiffs' mental health and isolation-related claims. Consequently, the defendants are entitled to summary judgment as to those claims.

**IT IS THEREFORE ORDERED** that the defendants' motion for summary judgment is granted. Patrick Kurkowski, Kenneth Dalberg, Edgar Salinas-Leal, Bradley Schmitt, Justin Welch, Ashton Dreiling, John Anderson, and Jayvon Flemming are dismissed as plaintiffs. The plaintiffs' mental health and isolation-related claims are dismissed.

Dated at Milwaukee, Wisconsin this 23rd day of May, 2024.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge