UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JASON NATCONE, and
KEVIN L. BURKES,

      Plaintiffs,

v.               Case No. 23-CV-1430

WISCONSIN DEPARTMENT OF CORRECTIONS, et al.,

      Defendants.

---

## DECISION AND ORDER

---

**1. Background**

The plaintiffs are current or former inmates of Waupun Correctional Institution (WCI). (ECF No. 1, ¶ 1.) They filed this proposed class action on October 26, 2023, seeking declaratory and injunctive relief with respect to the Wisconsin Department of Corrections (DOC) and various DOC officials. (ECF No. 1.) They allege, in part, that "the system under which Defendants provide, or do not provide, medical, mental health, and dental care (collectively, 'health care') to prisoners is grossly inadequate and subjects all prisoners to a substantial risk of serious harm, including unnecessary pain and suffering, preventable injury, amputation, disfigurement, and death." (ECF No. 1, ¶ 1.)

The plaintiffs filed an amended complaint on November 21, 2023 (ECF No. 14), which the court screened in accordance with 28 U.S.C. § 1915A (ECF No. 15). The defendants answered the amended complaint on December 28, 2023. (ECF No. 18.) Following a scheduling conference (ECF No. 25), the court on January 24, 2024, issued a scheduling order (ECF No. 26).

On March 22, 2024, the plaintiffs moved for a preliminary injunction. (ECF No. 28.) The defendants responded (*see* ECF No. 35), but the plaintiffs did not reply.

On March 25, 2024, the defendants moved for partial summary judgment on exhaustion grounds. (ECF No. 29.) The plaintiffs responded (ECF No. 36), and the defendants replied (ECF No. 40).

On March 28, 2024, the plaintiffs moved to certify a class. (ECF No. 34.) The defendants responded (ECF No. 39), and, again, the plaintiffs did not reply.

On May 23, 2024, the court granted the defendants' motion for partial summary judgment. *Anderson v. Wis. Dep't of Corr.*, No. 23-CV-1430, 2024 U.S. Dist. LEXIS 92406 (E.D. Wis. May 23, 2024). The court dismissed Patrick Kurkowski, Kenneth Dalberg, Edgar Salinas-Leal, Bradley Schmitt, Justin Welch, Ashton Dreiling, John Anderson, and Jayvon Flemming as plaintiffs, and dismissed the plaintiffs' mental health and isolation-related claims. Only Jason Natcone and Kevin L. Burkes remain as plaintiffs. Nactone presents a claim regarding access to routine dental care. *Id.* at *9. Burkes presents a claim regarding access to medical care—specifically, care for pain in his eyes. *Id.* at *9-*10.

## 2. Plaintiffs' Motion for a Preliminary Injunction

"A preliminary injunction is 'an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it.'" *Finch v. Treto*, 82 F.4th 572, 578 (7th Cir. 2023) (quoting *Cassell v. Snyders*, 990 F.3d 539, 544 (7th Cir. 2021)). "For a preliminary injunction to issue, a plaintiff 'must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *A.C. v. Metro. Sch. Dist. of Martinsville*, 75 F.4th 760, 766-67 (7th Cir. 2023) (quoting *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Finch*, 82 F.4th at 578 ("To obtain a preliminary injunction, a plaintiff must show that (1) he has some likelihood of success on the merits of his claim; (2) traditional legal remedies are inadequate; and (3) he would suffer irreparable harm without preliminary injunctive relief.") (citing *Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020)). "The party seeking a preliminary injunction bears the burden of showing that it is warranted." *Finch*, 82 F.4th at 578 (quoting *Speech First*, 968 F.3d at 637).

The Prison Litigation Reform Act further restricts the availability of prospective relief like preliminary injunctions. "[P]rospective remedies must be 'narrowly drawn, extend[] no further than necessary to correct the violation of the Federal right, and [be] the least intrusive means necessary to correct the violation of the Federal right.'" *Rasho v. Jeffreys*, 22 F.4th 703, 706 (7th Cir. 2022) (quoting 18 U.S.C. § 3626(a)(1)(A)).

The plaintiffs allege that, "[a]t the end of March 2023, WCI went into an unexplained lockdown where recreational services and visitation was all but stopped." (ECF No. 28 at 6.) "During this lockdown, WCI inmates were exposed to rodent feces, birds living in their common areas, poor sanitation, poor dietary provisions, limited medical treatment, and limited mental health services. Additionally, visitation was denied, creating more isolation to all impacted Plaintiffs and Members of the Plaintiff Class." (ECF No. 28 at 6.)

Following the court's decision on the defendants' motion for summary judgment, the plaintiffs' claims are much narrower than the sweeping and systemic allegations they offer in support of their motion for a preliminary injunction. Only two plaintiffs, each with a single discrete claim, remain. The plaintiffs' motion does not address these specific claims vis-à-vis the relevant factors for granting preliminary injunctive relief.

Neither Natcone nor Burkes has sustained his burden to show that traditional remedies are inadequate or that he would suffer irreparable harm without preliminary injunctive relief. Therefore, the motion for a preliminary injunction must be denied.

3. **Plaintiffs' Motion to Certify Class**

The plaintiffs also filed a motion to certify this action as a class action. (ECF No. 34.)

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Wal-Mart Stores, Inc. v. Dukes*, 564

U.S. 338, 348 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979)). "A plaintiff seeking to certify a class must satisfy the four requirements of Rule 23(a)—numerosity, typicality, commonality, and adequacy of representation—as well as one of the categories in Rule 23(b)." *Scott v. Dart*, ___ F.4th ___, 2024 U.S. App. LEXIS 10305, *25 (7th Cir. Apr. 29, 2024).

Because the Rule 23(a) elements often intersect and overlap, analysis of one element may be relevant to another. The court's analysis is "rigorous." *Lacy v. Cook Cnty., Illinois*, 897 F.3d 847, 863 (7th Cir. 2018) (quoting *Bell v. PNC Bank, Nat'l Ass'n*, 800 F.3d 360, 373 (7th Cir. 2015)). Unlike at the motion to dismiss stage, at the class certification stage the court does not assume the truth of the plaintiffs' allegations. *Priddy v. Health Care Serv. Corp.*, 870 F.3d 657, 660 (7th Cir. 2017) (quoting *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012)). The plaintiffs generally must present facts to satisfy each element, *Eddlemon v. Bradley Univ.*, 65 F.4th 335, 339 (7th Cir. 2023) (quoting *Wal-Mart*, 564 U.S. at 350), and they have "the burden of demonstrating that certification is proper by a preponderance of the evidence," *Eddlemon*, 65 F.4th at 338 (quoting *Gorss Motels, Inc. v. Brigadoon Fitness, Inc.*, 29 F.4th 839, 843 (7th Cir. 2022)).

The plaintiffs seek to certify a class which they refer to as the Prisoner Class, which they propose to define as:

> All prisoner Plaintiffs bring this action on their own behalf and, pursuant to all applicable Rules of Federal Civil Procedure, and on behalf of the class of all prisoners who are now, have been, or will in the future be, subjected to the medical, mental health, and dental care policies and practices of both

> the Wisconsin Department of Corrections (WIDOC) and WCI. Additionally, members of the above class seek declaratory and injunctive relief regarding the actions of all Defendants.

(ECF No. 34 at 4.) The plaintiffs also seek to certify subclasses that they refer to as the Medical, Dental, Mental Health, and Isolation subclasses that similarly encompass "all prisoners [who] are now, have been, or will in the future be, subjected to the [relevant] policies and practices of WIDOC and WCI." (ECF No. 34 at 4-5.)

"It is axiomatic that for a class action to be certified a 'class' must exist." *Simer v. Rios*, 661 F.2d 655, 669 (7th Cir. 1981). The class must be defined clearly and objectively. *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 657 (7th Cir. 2015). It also must be "sufficiently definite that its members are ascertainable." *Lacy*, 897 F.3d at 864 (quoting *Jamie S. v. Milwaukee Pub. Sch.*, 668 F.3d 481, 493 (7th Cir. 2012)); *cf. Mullins,* 795 F.3d at 659 (stating the Seventh Circuit follows the "'weak' version of ascertainability").

"[A] class should not be certified if 'it sweeps within it persons who could not have been injured by the defendant's conduct or if it is apparent that it contains a great many persons who have suffered no injury.'" *Lacy*, 897 F.3d at 864 (brackets and ellipses omitted) (quoting *Kohen v. Pac. Inv. Mgmt. Co.*, 571 F.3d 672, 677 (7th Cir. 2009)). But that is not to say that a class is sufficient only if it is limited to those who were injured by the defendants' conduct. *Lacy*, 897 F.3d at 864 (citing *Kohen*, 571 F.3d at 677). A class is defined as encompassing only those whose valid claims would likely constitute an impermissible "fail-safe" class. *See McCaster v. Darden Restaurants, Inc.*, 845 F.3d 794, 799 (7th Cir. 2017).

"There is no precise tipping point at which a class includes too many people who have not been harmed. 'Such determinations are a matter of degree, and will turn on the facts as they appear from case to case.'" *Lacy*, 897 F.3d at 864 (quoting *Messner*, 669 F.3d at 825).

Every prisoner is subject to some sort of medical, mental health, or dental care policy. Therefore, in defining the class as "all prisoners who are now, have been, or will in the future be, subjected to the medical, mental health, and dental care policies and practices of both the Wisconsin Department of Corrections (WIDOC) and WCI," the plaintiffs are attempting to define a class comprised of every person who ever has been or ever will be incarcerated at WCI.

A class that encompasses every past, present or future prisoner is not necessarily improper if there is a specific policy that injured or, in the context of injunctive relief, stands to injure every inmate. *See, e.g.*, *Flynn v. Doyle*, 630 F. Supp. 2d 987, 989 (E.D. Wis. 2009). But without specifying which particular policies are at issue, the plaintiffs cannot define the limits of the class. Nor can the court determine to what extent the class may encompass persons who were not injured by the defendants' conduct.

Moreover, without specifying a time period during which the unnamed policies at issue have been in place, the plaintiffs would seem to be attempting to assert claims on behalf of every person who has passed through the gates of WCI any time in its roughly 170-year history. The court need not belabor these foundational defects because, as

discussed below, the plaintiffs' motion otherwise fails at every step under Rule 23(a) and (b).

### 3.1. Commonality

"The Supreme Court has explained that '[c]ommonality requires the plaintiff to demonstrate that the class members have suffered the same injury'" at the hands of the same defendant. *McCaster*, 845 F.3d at 800 (quoting *Wal-Mart*, 564 U.S. at 349–50). "[T]hey must show that 'the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members.'" *Id.* (quoting *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 756 (7th Cir. 2014)); *see also Simpson v. Dart*, 23 F.4th 706, 711 (7th Cir. 2022). That does not mean that all class members' claims must be identical. Class actions routinely require findings specific to each member. The commonality element requires merely that there exists a question the determination of which "will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart*, 564 U.S. at 350.

In support of their motion for class certification the plaintiffs do not point to any specific WCI medical, mental health, and dental care policies and practices as the common thread that ties the proposed class together. Although systemic failures in care afforded inmates may be sufficient under Rule 23(a)(2), *see Scott*, 2024 U.S. App. LEXIS 10305, at *34; *Parsons v. Ryan*, 754 F.3d 657, 676 (9th Cir. 2014), the plaintiffs do not so much as articulate any relevant policy, much less present the requisite "significant proof," that WCI had policies to unlawfully deprive inmates of healthcare, *see Wal-Mart*, 564 U.S.

at 353 (discussing plaintiffs' burden to show that a policy of discrimination existed). Rather, the plaintiffs attempt to satisfy the commonality element by asserting, "Defendants' deliberate indifference is such a system-wide practice that it has created a significant risk of serious harm to all members of the Class." (ECF No. 34 at 8.)

An assertion that the defendants had a policy of deliberate indifference is nothing more than a legal conclusion that all inmates allegedly suffered violations of the Eighth Amendment. "But it's not enough for the plaintiffs to show that class members 'have all suffered a violation of the same provision of law.'" *McCaster*, 845 F.3d at 800 (quoting *Wal-Mart*, 564 U.S. at 350). All prisoners who suffered violations of the Eighth Amendment can no more be joined together in a single class action than all employees who suffered employment discrimination could be joined together in a class action. *See Wal-Mart*, 564 U.S. at 350 ("Quite obviously, the mere claim by employees of the same company that they have suffered a Title VII injury, or even a disparate-impact Title VII injury, gives no cause to believe that all their claims can productively be litigated at once.").

Plaintiffs generally must identify a policy, practice, or action by a defendant that gives rise to the *common* claim; the fact of a superficially *similar* claim, standing alone, is insufficient. *See McCaster*, 845 F.3d at 800 ("Instead they must show that 'the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members.'" (quoting *Messner*, 669 F.3d at 814). The plaintiffs do not point to any

9
Case 2:23-cv-01430-WED   Filed 06/04/24   Page 9 of 19   Document 53

specific policy, practice, or action by any defendant that allegedly violated the Eighth Amendment. *Cf. Postawko v. Missouri Dep't of Corr.*, 910 F.3d 1030, 1035 (8th Cir. 2018) (identifying prison's treatment protocol for Hepatitis C); *Olson v. Brown*, 284 F.R.D. 398, 402 (N.D. Ind. 2012) (identifying jail's grievance, law library, and mail policies as constitutionally deficient). That all WCI inmates are subject to the same policies (ECF No. 34 at 8) is not enough if none of those policies plausibly gives rise to a claim.

Claims tied together only by the element of deliberate indifference are not "capable of classwide resolution." *McCaster*, 845 F.3d at 800 (quoting *Wal–Mart*, 564 U.S. at 350). There are countless actions that may give rise to deliberate indifference vis-à-vis prison life, and resolving such claims requires evaluating the individual facts of each claim. They "would not involve any classwide proof." *Id.* at 801. Because claims of whether an inmate was subject to deliberate indifference is "highly individualized and vastly diverse," they are "unsuitable for class-action treatment under Rule 23 of the Federal Rules of Civil Procedure." *Jamie S.*, 668 F.3d at 486.

The plaintiffs have failed to sustain their burden under Fed. R. Civ. P. 23(a)(2).

### 3.2. Numerosity

Without identifying a thread that ties the claims together, the court cannot adequately assess whether the "class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). In an attempt to meet their burden with respect to numerosity, the plaintiffs point only to the fact that WCI is home to roughly 950

inmates. (ECF No. 34 at 5.) But that figure grossly overstates the number of plaintiffs that would have to be joined for this action to proceed as a traditional action. Only inmates with viable Eighth Amendment claims would be subject to joinder, and then only those who exhausted their administrative remedies prior to the filing of this action. *See Anderson*, 2024 U.S. Dist. LEXIS 92406, at *13 (citing *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020)); 42 U.S.C. § 1997e. Taking into consideration the three-year statute of limitations, Wis. Stat. § 893.53, and the fact that those with viable lawsuits may have already started their own suits, joinder of all class members' claims may be practical. Thus, the plaintiffs have failed to sustain their burden under Fed. R. Civ. P. 23(a)(1).

### 3.3. Typicality

Although distinct, the typicality and commonality elements often merge. *Scott*, 2024 U.S. App. LEXIS 10305, at *34 (quoting *Priddy*, 870 F.3d at 660). "Generally, a class representative's 'claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and her claims are based on the same legal theory.'" *McFields v. Dart*, 982 F.3d 511, 517-18 (7th Cir. 2020) (quoting *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006)). This does not mean that representative's claims must be factually identical to those of the class. *Id.* at 518 (quoting *Muro v. Target Corp.*, 580 F.3d 485, 492 (7th Cir. 2009)). But the representative's claims must "have the same essential characteristics as the claims of the class at large." *Id.* (quoting *Muro*, 580 F.3d at 492).

The plaintiffs argue:

> Several factual questions concerning Defendants' actions are common to the members of each class as each Plaintiff relies solely on Defendants for their daily necessities, medical treatment, mental health treatment, and dental treatment. The resolution of these common legal and factual issues will determine if the members of each class are entitled to relief.
>
> Here, the named Plaintiffs' claims, along with that of each class, have the same interests in this case. Each of the named Plaintiffs, along with each member of the classes, suffered injuries from the policies and practices of the Defendants' failure to comply with their duties to provide adequate food, living conditions, medical treatment, mental health treatment, and dental treatment.
>
> Additionally, all named Plaintiffs and members of the classes have had their Constitutional rights violated by the policies and practices of all Defendants.
>
> In conclusion, because the named Plaintiffs suffered from the same harm, and continue to suffer from the same harm, as members of the class, and because their legal arguments and claims for relief are the same as those of their classmates, Plaintiffs satisfy the typicality requirement of Rule 23(a)(3).

(ECF No. 34 at 9.)

These superficial and conclusory assertions are not enough to satisfy Rule 23(a)(3). The two remaining plaintiffs have failed to show that their two narrow claims that remain after the court's summary judgment decision are typical of the expansive claims the plaintiffs attempt to advance on behalf of the class. For example, neither plaintiff has presented a claim relevant to the proposed Mental Health or Isolation subclasses. They have not even shown that their claims are typical of the Medical or Dental subclasses into which their claims would fall.

Natcone alleges that he was unable to timely receive a semi-annual dental checkup. (ECF No. 32-13.) The record indicates that this was attributable to a shortage of staff to provide dental care. (ECF No. 32-13 at 4.) Whether Natcone's claim is typical of other inmates' dental claims would seem to depend on the extent to which the staffing shortage delayed dental care. If all dental care was delayed, Natcone's claim may be sufficiently typical of all inmates' dental claims. *Cf. Smentek v. Sheriff of Cook Cty.*, No. 09 C 529, 2010 U.S. Dist. LEXIS 122145, at *20 (N.D. Ill. Nov. 18, 2010) (noting that jail's reduction of dentists allegedly delayed dental care to all inmates). However, if Natcone's semi-annual checkup was delayed so that the prison could prioritize acute dental needs, Natcone's claim may be typical only of inmates' claims regarding delayed routine care. *Cf. McFields*, 982 F.3d at 513 (noting jail's "paper triage" system of prioritizing requests for dental care).

Similarly, Burkes has failed to demonstrate that his claim is typical of all inmates' claims regarding medical care. Burkes's claim relates to an alleged delay in getting in to see an eye doctor. (ECF No. 32-20 at 1.) The prison's response states that the delay was attributable to the unavailability of a provider to come to the prison. (ECF No. 32-20 at 2.) Thus, Burkes's complaint may, at best, be typical of claims of other inmates whose ophthalmologic care was delayed. However, if there was evidence that all manner of specialists were unavailable to care for prisoners, Burkes's claim then might be typical of claims of all inmates who sought care by outside providers. The plaintiffs have failed to

show that Burkes's claim is typical of those he seeks to represent—every inmate's claim regarding delayed or deficient medical care.

### 3.4. Adequacy of Representation

At a minimum, a representative must be a member of the class and have the same interests as the class members. *Santiago v. City of Chicago*, 19 F.4th 1010, 1018 (7th Cir. 2021). The existence of defenses particular to the representative may make him an inadequate representative of the class. *Id.* at 1019. A plaintiff with serious credibility problems also may be an inadequate class representative. *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 726 (7th Cir. 2011). However, "[f]or an assault on the class representative's credibility to succeed, the party mounting the assault must demonstrate that there exists admissible evidence so severely undermining plaintiff's credibility that a fact finder might reasonably focus on plaintiff's credibility, to the detriment of the absent class members' claims." *Id.* at 728 (quoting *Dubin v. Miller*, 132 F.R.D. 269, 272 (D.Colo.1990)); *see also Lacy*, 897 F.3d at 866.

The plaintiffs' only attempt to demonstrate that they will adequately represent the class is to assert that they "have reached out to Plaintiff's counsel to represent them in this matter," they "do not appear to have any conflicting interests," and they "have suffered the same alleged injury(ies) as the members of the class." (ECF No. 34 at 10.)

Burkes and Natcone are not adequate representatives of the proposed Mental Health and Isolation subclasses. They are not members of those proposed subclasses.

Burkes could plausibly represent a class comprised of inmates whose medical care was delayed, and Natcone could plausibly represent a class of inmates whose dental care was delayed. The defendants do not argue otherwise. (ECF No. 39 at 14.) However, without a sufficiently defined class, it is mere speculation as to whether Burkes and Natcone are adequate representatives of any class.

Also included in the court's adequacy of representation analysis under Rule 23(a)(4) is whether counsel is able to adequately represent the class. *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011); *see also* Fed. R. Civ. P. 23(c)(1)(B), (g). In many respects, the adequacy of class counsel is more important than the adequacy of the class representatives. The role of a class representative is often nominal, while it is class counsel that manages and directs the litigation. *See Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1080 (7th Cir. 2013). The court must carefully scrutinize the adequacy of class counsel because, by representing the class, he becomes the attorney for clients who never hired him, have little ability to fire him, and stand to be bound by the decisions he makes and the outcome he obtains. *See* 7A Fed. Prac. & Proc. Civ. § 1769.1 (4th ed.); Committee Note to the 2003 amendments to Rule 23.

Lonnie D. Story, plaintiffs' counsel and proposed class counsel, has failed to demonstrate that he would adequately represent the class if appointed class counsel. He states merely that he worked to investigate the claims, will dedicate resources to the case, and will hire staff if necessary. (ECF No. 34 at 12.)

15

The fact that Story investigated this case "does not equate to adequacy; it is only a part of the analysis." *Gomez*, 649 F.3d at 592-93. Although he states he will dedicate necessary resources to the case, he provides no indication of his ability to do so. Class actions are frequently expensive and time consuming. They may take years to resolve, require extensive costs in the form of investigators and experts, and in the interim leave counsel with little time to devote to other matters. Story provides no information as to the size of his practice, but a small firm could easily find itself bankrupt long before the finish line in even the strongest of class actions.

Nor does Story offer any details regarding his "experience in handling class actions, other complex litigation, and the types of claims asserted in the action," Fed. R. Civ. P. 23(g)(1)(A)(ii), or his "knowledge of the applicable law," Fed. R. Civ. P. 23(g)(1)(A)(iii). In the absence of proof from counsel, the court must presume that he has no such relevant experience and minimal knowledge of the applicable law.

Notably, the plaintiffs' case has been marked by significant legal and procedural errors inconsistent with the sort of expertise generally demanded of an attorney appointed class counsel. The initial complaint improperly sought compensatory and punitive damages against state officials named in their official capacities. *Anderson v. Wis. Dep't of Corr.*, No. 23-CV-1430, 2023 U.S. Dist. LEXIS 207266, at *3 (E.D. Wis. Nov. 20, 2023). The majority of the claims in the plaintiffs' amended complaint were improper because their claims had not been administratively exhausted. *Anderson*, 2024 U.S. Dist.

LEXIS 92406, at *12-13. In responding to the defendants' motion for partial summary judgment, Story failed to comply with the court's Local Rules, resulting in the court disregarding the proposed findings of fact submitted by the plaintiffs and finding that the plaintiffs had admitted all the proposed facts presented by the defendants. *Anderson*, 2024 U.S. Dist. LEXIS 92406, at *4-5; *see also Ferguson v. McMartin*, No. 21-cv-593-wmc, 2024 U.S. Dist. LEXIS 16958, at *1 n.1 (W.D. Wis. Jan. 30, 2024) (admonishing counsel for repeatedly failing to comply with the court's summary judgment procedures). Story has failed to reply to any response of the defendants relating to the pending motions. *Anderson*, 2024 U.S. Dist. LEXIS 92406, at *3; *see also Ferguson v. McMartin*, No. 21-cv-593-wmc, 2024 U.S. Dist. LEXIS 45646, at *1 n.1 (W.D. Wis. Mar. 14, 2024) (noting counsel failed to respond to defendants' motions in limine). Nor has Story adequately supported the factual assertions contained in his briefs. *See, e.g.*, *Anderson*, 2024 U.S. Dist. LEXIS 92406, at *11-12. Counsel's arguments have tended to be superficial, incomplete, and occasionally misguided.

### 3.5. Rule 23(b)

The plaintiffs seek certification under Rule 23(b)(2) (ECF No. 34 at 10-11), which relates to classes seeking injunctive relief. Yet the plaintiffs in their amended complaint seek damages for the class. (ECF No. 14, ¶ 81 and p. 41, ¶ G.)

"[I]ndividualized monetary claims belong in Rule 23(b)(3)." *Wal-Mart*, 564 U.S. at 362. "[O]nly injunctive and declaratory relief can be sought under Rule 23(b)(2), because

17
Case 2:23-cv-01430-WED    Filed 06/04/24    Page 17 of 19    Document 53

LEXIS 92406, at *12-13. In responding to the defendants' motion for partial summary judgment, Story failed to comply with the court's Local Rules, resulting in the court disregarding the proposed findings of fact submitted by the plaintiffs and finding that the plaintiffs had admitted all the proposed facts presented by the defendants. *Anderson*, 2024 U.S. Dist. LEXIS 92406, at *4-5; *see also Ferguson v. McMartin*, No. 21-cv-593-wmc, 2024 U.S. Dist. LEXIS 16958, at *1 n.1 (W.D. Wis. Jan. 30, 2024) (admonishing counsel for repeatedly failing to comply with the court's summary judgment procedures). Story has failed to reply to any response of the defendants relating to the pending motions. *Anderson*, 2024 U.S. Dist. LEXIS 92406, at *3; *see also Ferguson v. McMartin*, No. 21-cv-593-wmc, 2024 U.S. Dist. LEXIS 45646, at *1 n.1 (W.D. Wis. Mar. 14, 2024) (noting counsel failed to respond to defendants' motions in limine). Nor has Story adequately supported the factual assertions contained in his briefs. *See, e.g.*, *Anderson*, 2024 U.S. Dist. LEXIS 92406, at *11-12. Counsel's arguments have tended to be superficial, incomplete, and occasionally misguided.

### 3.5. Rule 23(b)

The plaintiffs seek certification under Rule 23(b)(2) (ECF No. 34 at 10-11), which relates to classes seeking injunctive relief. Yet the plaintiffs in their amended complaint seek damages for the class. (ECF No. 14, ¶ 81 and p. 41, ¶ G.)

"[I]ndividualized monetary claims belong in Rule 23(b)(3)." *Wal-Mart*, 564 U.S. at 362. "[O]nly injunctive and declaratory relief can be sought under Rule 23(b)(2), because

the unitary nature of those remedies—unlike with money damages—makes predominance and the superiority of the class action 'self-evident,' and thereby renders the procedural protections of Rule 23(b)(3) superfluous with respect to them." *City of Rockford v. Mallinckrodt ARD, Inc.*, No. 3:17-cv-50107, 2024 U.S. Dist. LEXIS 58878, at *12-13 (N.D. Ill. Mar. 29, 2024) (citing *Wal-Mart*, 564 U.S. at 363). Although there is a narrow exception for when "monetary relief is 'incidental to the injunctive or declaratory relief'" and "it appears that the calculation of monetary relief will be mechanical, formulaic, a task not for a trier of fact but for a computer program," *Chi. Teachers Union, Local No. 1 v. Bd. of Educ. of Chi.*, 797 F.3d 426, 441 n.8 (7th Cir. 2015) (brackets omitted) (quoting *Johnson v. Meriter Health Servs. Emple. Ret. Plan*, 702 F.3d 364, 372 (7th Cir. 2012)), the plaintiffs do not argue that this exception applies.

Because the plaintiffs have not abandoned their claim for individualized class-wide damages, they have failed to sustain their burden to show that certification under Rule 23(b)(2) would be appropriate.

4. **Conclusion**

For the reasons set forth above,

**IT IS THEREFORE ORDERED** that the plaintiffs' motion for a preliminary injunction (ECF No. 28) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiffs' motion for class certification (ECF No. 34) is **denied**.

Dated at Milwaukee, Wisconsin this 4th day of June, 2024.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge